## Frazier *against* Thompson.

If a note be given for an entire consideration, part of which is legal and part illegal, the whole contract fails, and there can be no recovery upon the note; but if there be several considerations, each having its own value fixed by a separate contract, some of which are legal and some illegal, it fails in part, and. is good as to the residue.

ERROR to the Common Pleas of *Butler* county.

John Thompson against James Frazier and Isaiah Niblock. This was an action of debt upon a note for $400, to which the defendants pleaded payment with leave, &c.

The defendants proved that the consideration of the note was goods purchased by the defendants from the plaintiff at different times; and among other things a quantity of Brandreth's pills, to the amount of $150, and the agency to sell them. The defendants also gave some proof tending to show that the pills were spurious, and that they were fraudulently imposed upon the defendants.

The defendants requested the court to charge the jury:

1. If there was a conspiracy to cheat Mr Frazier, in giving him the agency of spurious pills for genuine, and the same were purchased in connection with the goods which form the consideration of the note, the whole would be void.

2. If the agency was an inducement for the purchasing of the goods, the inducement being fraudulent, the whole contract would be void.

BREDIN, President.—It is certainly true that fraud vitiates every contract that is tainted by it; the law will not lend its aid to enforce such a contract. In this cause, the evidence on the part of the defendants is, that the principal portion of the goods were purchased after the pills were got, and after Mr Frazier was appointed agent, and would not therefore, if the jury are satisfied from the evidence that the pills were spurious, prevent the plaintiff from recovering the amount of the goods purchased by Mr Frazier after he got the pills or goods purchased before he got them. There is nothing in the evidence going to show that the agency for selling the pills was what induced Mr Frazier to purchase the other goods; but if there was, the court is of opinion that the pills being spurious would not prevent the plaintiff from recovering the price and value of the goods sold to Mr Frazier at and after the delivery of the pills, particularly as the goods were

[Frazier v. Thompson.]

not returned nor offered to be returned; nor is there any difficulty in separating the transactions.

The jury found for the plaintiff $256.

*Purviance*, for plaintiff in error, argued that whatever may have been the several contracts of the parties, there was one contract in the giving of the note, and if the plaintiff founded his action upon that contract, he must stand or fall by it. The contract, therefore, being an entire one, if part of the consideration was fraudulent, it vitiates the whole. 8 *Johns.* 253; 4 *Yeates* 24: 4 *Wash. C. C. Rep.* 299; 4 *Rawle* 185; 11 *Serg. & Rawle* 164; *Cro. Eliz.* 199; 1 *Term Rep.* 201.

*Gilmore, contra*, argued that the note was but evidence of the indebtedness of the defendants; and inasmuch as they are permitted for purposes of defence to enter into the consideration of it, the justice of the case must be determined upon the whole truth, as the proof establishes it. The proof, therefore, shows that under all circumstances the consideration in part was good.

The opinion of the Court was delivered by

ROGERS, J.—We cannot distinguish this case from *Yundt* v. *Roberts*, (5 *Serg. & Rawle* 141). When the condition of a bond consists of several different parts, and some of them are lawful and others not, it is good for such as are lawful, and void as to the rest. But if a contract is entire, and founded on two considerations, one of which is unlawful, that vitiates the whole. *Cro. Eliz.* 199; *Crawford* v. *Morrell*, (9 *Johns. Rep.* 196). Here, the purchase of the different articles was separate and distinct, not mutual and dependent, with an entirely different price and consideration. The different items were summed up, and the note taken for the whole amount; but that cannot alter the case. If the contract had been that in consideration of all the articles furnished by the plaintiff the defendants gave the note, it would be an entire contract, and the illegality of the consideration in part would avoid the whole contract. And the reason is, that in the supposed case we cannot separate the good from the bad. But where the contracts are separate and distinct, no difficulty exists, and consequently there is nothing to prevent a recovery of that which is good, allowing a credit for the item which is illegal. Nor can it affect the principle that the contracts are made at the same time, provided the considerations are not so blended as to form but one consideration, although it may be composed of different items.

Judgment affirmed.