## McGowen v. West.

AUG. TERM, 1842.

1. A party cannot take advantage of an error in his own favor.
2. An acknowledgment of a debt in terms as follows, "Due A. B. one hundred dollars," is a good promissory note, upon which suit by petition in debt will lie.
3. A person making a parole contract to convey lands, may or may not insist on the protection of the statute of frauds. If he will confess the agreement, and not insist on the statute, its performance will be enforced against him.
4. If upon the sale of land by parole contract the vendee has given his note for the purchase money, the vendor may recover the amount of the note, if he is willing to convey the land, and has do ie nothing which would give the vendee a right to rescind the contract.

McGowen
v.
West.

Error to the Monroe Circuit Court.

*Opinion of the Court, delivered by Scott, Judge.*

West sued McGowen by petition in debt, on an instrument of which the following is a copy :

Due John W. West four hundred dollars, to bear ten per cent. interest from the 25th day of December, 1839 till paid, this 4th day of April, 1840.

DAVID McGOWEN.

The defendant pleaded that the consideration of the note was the price of a tract of land agreed to be conveyed to him by the plaintiff, and that the agreement was by parol: a demurrer was filed to this plea, and the demurrer sustained. The plaintiff had judgment, and McGowen has brought this writ of error.

It is assigned for error, that the judgment was for a less sum than the plaintiff was entitled to, the interest allowed being less than was due at the rendition of the judgment. This was an error in favor of the defendant, and he cannot take advantage of it; Williams v. Guyn, 2 Saunders, 476, (8.)

*A party cannot take advantage of an error in his own favor.*

It is next objected, that the instrument sued on is not a note within the statute authorising a suit by petition in debt. It is said there are no words of promise on it: it is a mere acknowledgment. The statute authorising a

An acknowl-
edgement of a
debt in terms
as follows:
"Due A. B.
one hundred
dollars," is a
good promis-
sory note, up-
on which suit
by petition in
debt will lie.

A person
making a pa-
rol contract to
convey lands,
may or may
not insist on
the protection
of the statute
of frauds. If
he will confess
the agreement
and not insist
on the statute,
its perform-
ance will be
enforced a-
gainst him.

suit by petition in debt, allows it on all bonds or notes for the direct payment of money or property. Many instances might be shown in which it has been held, that the instrument set out in the petiton is a good promissory note; 2 Cowen, Russell v. Whipple, 536.

The judgment of the court in sustaining the demurrer to the defendant's plea, is also assigned for error. It is contended that the obligation of the contract should be reciprocal: that, as by the statute of frauds the plaintiff was not bound to perform his agreement, so the defendant should not be held to the performance of his under-taking. The statute of frauds does not make void parol agreements for the sale of lands: it only declares that no action shall be brought on such contracts.

The person making a parol contract to convey lands, may or may not insist on the protection of the statute of frauds. If he will confess the agreement, and not insist on the statute, its performance will be enforced against him. Such cases are not within the mischief of the statute. The observations of Lord Ridesdale in the case of Lourenson v. Butler, 1 Sch. & Lef. 13, who thought, that the contract ought to be mutual to be binding, and if one party could not enforce it the other might, were not sustained by authority; nor has the weight of his name been sufficient to prevent the opinion delivered in that case from being overthrown. The courts of law and chancery in England, both before and since the decree in that case, have held that it was sufficient, if the contract of sale was signed by the party to be charged; Egerton v. Matthews, 6 East.; Allen v. Bennett, 3 Taunton; Seton v. Slade, 7 Ves.; Fowle v. Freemon 9 Ves.; Western v. Russell, 3 Ves., and Beames; Closon v. Baily, 14 John, R. 487.

If upon the
sale of land by
parol contract
the vendee has
given his note
for the pur-
chase money,

If upon the sale of land by parol contract the purchase money is paid, the vendee cannot recover it back, if the vendor is willing to convey the land, and has done no-thing which would give the vendee a right to rescind the contract; Dowdle v. Comp., 12 John, 450; Ketchum v. Evertson, 13 John R., 358; Gray v. Gray, 2 J. J.; Mar-

shall; we can see no difference in principle between this case and those where the money has been actually paid.

The agreement to convey is not void: it may be relied on for some purposes; 3 Mon., 170, 5 Littel 98. It was remarked by the judge, who delivered the opinion of the court, in the case of Barnes & Al v. Wise, 3 Mon. 170, that it had been held, that a defendant sued on a note given in consideration of a parol agreement to convey lands, may avail himself of the statute as a defence, on the ground that a contract, on which no action will lie is not a valid consideration for another contract, in cases where mutual promises form the consideration of the agreement. This observation was made in a suit in chancery, and the opinion of the court in the cause in which it was delivered, shows that the plaintiff must be in fault before the party giving a promissory note can rescind the contract. In the case before the court the plea of the defendant does not set forth any circumstance from which it can be inferred the plaintiff is in fault; and in our opinion it is necessary to aver and prove the same facts, in order to avoid the note that the party would have to prove, had he brought an action to recover the money, if it had been paid.