FARRAR *et al.*, Appellants, *vs.* PATTON, Respondent.

1. It is optional with a party who has made a parol contract to convey land to avail himself of the plea of the statute of frauds or not. (*McGowen* v. *West,* 7 Mo. Rep. 570, affirmed.)

2. A conveyance of all the grantor's "right, title and interest" in a tract of land to which he had the legal title, but which he had previously made a parol contract to convey to his father, since deceased, *was held* to pass only his interest as *heir* of his father.

3. Where one party to a contract has been placed in such a position by a total or partial performance that it would be a fraud on him if the contract was not fully executed, equity will interfere notwithstanding the statute of frauds.

4. A party who purchases land with notice of a previous parol contract to convey to another, will stand precisely in the situation of his grantor, when a specific performance is sought to be enforced.

*Appeal from Franklin Circuit Court.*

In 1830, Leonard Farrar and Richard, his son, agreed to exchange tracts of land owned by them respectively. Leonard conveyed immediately to Richard, but Richard did not convey to Leonard, the latter desiring him to wait until he sold the land, and then convey directly to the purchaser. In 1836, Leonard died without having received a conveyance from his son. By his last will, he devised all his real estate to his three eldest sons, John S., Richard and Perrin, and appointed them his executors. In the inventory of Leonard Farrar's estate, subscribed and sworn to by Richard and the other executors, the land which Richard had contracted to convey to Leonard was put down, accompanied by a statement that Richard was bound by contract to convey it. On the 17th of April, 1845, pending a proceeding to vacate the will of Leonard Farrar, Richard "granted, bargained and quit-claimed" to William N. Patton, and his heirs and assigns forever, all his "right, title, claim, interest and demand, both at law and in equity, as well in possession as expectancy, of, in and to" the same land. At the time of conveying to Patton, Richard notified him of the contract he had made to convey to his father. Patton also received from John S. Farrar a deed for his interest in the land. The present proceeding was begun by the minor children of Perrin Farrar, the other devisee of Leonard Farrar, to enforce a specific performance of the contract made by Richard Farrar to convey to their grand-father, and for a partition. They claimed one third of the land in right of their deceased father, and admitted that the title to the other two thirds was in Patton. Patton claimed the whole of it under his deed from Richard Farrar, who held the legal title when the deed was executed.

The court below declared that the contract was void by the statute of frauds, and that the recital of the contract in the inventory signed by Richard Farrar, was not a sufficient memorandum in writing to take it out of the statute, because the terms

Farrar v. Patton.

of the contract were not stated, nor the consideration ; and refused the relief asked by plaintiffs. They appealed to this court.

*W. V. N. Bay,* for appellants. 1. Payment of purchase money is such a part performance of a parol contract for the sale of lands as will entitle the purchaser to a decree for a specific execution of the contract. (3 Atk. 4. 3 Vesey, 37. 4 ib. 720. 7 ib. 346. 2 Day, 225. 5 ib. 67. 1 Bacon's Ab. 162. 1 Powell on Contracts, 307. 1 Madd. Ch. 377. Roberts on Frauds, ch. 3, 142-3-4, 152. 15 Mass. 89. 1 Peters' C. C. R. 388. 1 Harr. 540. *Wetmore* v. *White,* 2 Caines' Cases in Error.) 2. Although a parol contract for the sale of land is void by the statute of frauds, yet it is well settled in chancery that, if such contract has been performed on one part, an equity arises from that source, independent of the statute, to compel a performance on the other. (5 Day, 67. 1 Madd. Ch. 377. 1 Fonblanque, 181-2-5. 1 Vesey, 221, 297. 1 Serg. & Raw. 80. 2 Johns. R. 221, 573, 578. 5 Day, 16. 14 Johns. Rep. 15.) 3. A person who takes a conveyance of land, with notice of the legal or equitable title of another to the same land, will be held a trustee for the benefit of the other. (6 Mo. Rep. 605.) 4. The memorandum in the inventory of Leonard Farrar's estate, signed by Richard Farrar, is a sufficient compliance with the statute. 5. Patton, being guilty of a fraud, in accepting a conveyance with a knowledge of the equitable title of plaintiffs, cannot now avail himself of the statute of frauds.

*C. Jones,* for respondent. 1. The memorandum of the contract in the inventory, without any explanation of its terms, was not sufficient to take it out of the statute. (1 Johns. Ch. R. 273. 9 Mo. 566. 3 Johns. R. 399. 4 Bos. & Pul. 252. 5 B. & C. 583. Adams on Equity, p. 87. 2 Story's Eq. 64, *et seq.* 4 Greenleaf's Cruise, ch. 3. 2 Kent, 510-11.)

SCOTT, Judge, delivered the opinion of the court.

Richard Farrar, as one of the devisees of his father, had an interest in the land in controversy, at the time of his con-

veyance to Patton. By his deed to Patton, he did not convey the tract of land itself, but only all his right, title, claim, interest and demand, both in law and equity, therein. These words are only effectual to convey that which a man may lawfully convey. The interest that R. Farrar possessed under his father's will was a subject on which his deed could operate, without affecting the land he exchanged with his father. Although the contract for an exchange was a parol one, yet it was not void. Richard Farrar could avail himself of the plea of the statute of frauds or not, as he pleased. (*Dawson* v. *Ellis*, 1 Jac. & Wal. 503. *McGowen* v. *West*, 7 Mo. Rep. 570.) His conduct showed that he regarded the contract as binding on him. In the inventory which he returned, he recognized it as obligatory, and this fact was communicated to Patton. Now, as the words of the deed are only effective to pass that which Farrar may lawfully convey, and as they can have effect without passing the land subject to the contract for an exchange, there is no reason why the deed should receive such a construction as would make Farrar guilty of fraud, when no such thing was intended. Had Farrar conveyed the tract of land itself, then it would have appeared that he insisted on the invalidity of the contract, but the terms employed are consistent with the idea that he only conveyed what he lawfully might.

But there is another ground on which the plaintiffs are entitled to the relief prayed, even though the land, the subject of the contract of exchange, passed by Richard Farrar's deed. From the evidence, it is clear that Patton purchased with notice of the agreement. Being affected with notice, he is not a purchaser in good faith. Such being the case, he stands precisely in the situation that Richard Farrar would have occupied, had the suit been brought against him. It is a rule in equity that, when one party to a contract has been placed in such a situation by a total or partial performance, that it would be a fraud on him if the contract was not fully executed, then equity will interfere, notwithstanding the statute. Leonard Farrar, in pursuance to the contract of exchange, executed and delivered a

deed, thereby fulfilling his part of the agreement. In what a situation will he and his heirs be, if the other party is not compelled to perform his part of the agreement. Surely a fraud will have been committed on them, and they will be without redress unless a court of equity interferes. Leonard Farrar could not recover the land he had conveyed in an action of ejectment. His deed would be against him. He could only have relief in equity, and that, too, on the ground of fraud. Now it is an established principle, that a statute which was made to prevent frauds, shall not receive such a construction as will protect them. As the terms of the contract plainly appear by a written acknowledgment of R. Farrar, we see no difficulty in granting the relief sought by the plaintiffs.

The other judges concurring, the judgment will be reversed, and the cause remanded.