## BINION, Appellant, v. BROWNING, Respondent.

1. A. borrowed of B. $120 to enable him to enter a tract of land and was to have the money for a year by giving a mortgage upon the land when entered; the land was entered but the mortgage was not given. *Held*, that B. might maintain an action against A. within the year for the money so loaned. The agreement to give a mortgage being within the statute of frauds, the promise to wait a year for the money was therefore without consideration.

*Appeal from Barry Circuit Court.*

*Wright*, for appellant.

I. If the plaintiff agreed to wait a year for the repayment of the money loaned, it was evidently upon the condition that the payment should be secured by mortgage upon the land. The court was of opinion that as there was no expressed time proved when the mortgage should be executed, therefore defendant had the entire year in which to do it. This is not law. The law implied that it should be done in a reasonable time. Plaintiff having waited for ten months he then rightly instituted suit.

II. The court erred in refusing to permit plaintiff to take a nonsuit; the cause had not been finally submitted to the court.

NAPTON, Judge, delivered the opinion of the court.

The defendant in this case, in the early part of September, 1854, borrowed of the plaintiff one hundred and twenty dollars to enable him to enter a tract of land, and was to have the money for twelve months, by giving a mortgage upon the land when entered. There was proof that the land was entered and that the mortgage was not given when this suit was instituted, which was in August, 1855. Upon these facts the court declared the law to be for the defendant, and judgment was entered accordingly.

We think the plaintiff was entitled to his judgment. The contract for the mortgage was within the statute of frauds, and the promise of the plaintiff to wait twelve months was therefore without consideration. In McGowan v. West, 7 Mo. 569, it was held, that, where a note was given in con-·sideration of a parol contract to convey land, in a suit upon such note the defendant could not plead in bar that the consideration was the parol contract, because it was at the option of the plaintiff to insist on the statute or not, and his suit upon the note might be constituted as a disclaimer of· the

protection of the statute, so far as he was concerned. If therefore the plaintiff was not in fault, the defendant could not in this way rescind the contract. That case was not like this. Here the mutual promises form the consideration of the agreement. The plaintiff sues for his money, and the defendant insists on the promise of the plaintiff to wait twelve months, a promise manifestly given on consideration of the verbal promise of the defendant to secure the money by a mortgage. Apart from the inability of the plaintiff to enforce this promise, the time for its effectual performance had passed when ten or eleven months had elapsed after the entry of the land, and when the entire object of the conveyance as a security may have been defeated. The case of Barnes and others v. Wise, 3 Mon. 170, cited in the opinion of McGowan v. West, is an authority to show that under circumstances like the present the statute of frauds is available to the plaintiff and that his money was due immediately. The plaintiff did not repudiate the contract, but the defendant has. The fact that no specific day was fixed for making the mortgage is immaterial. As security was the object of the plaintiff and the consideration for his agreement to give time, it was the obvious meaning of both parties that the mortgage should be given when the land was purchased. The judgment of the circuit court will be reversed and a judgment will be entered here for the debt and interest. The other judges concur.