JOHN C. IVORY, Appellant, v. JOSEPH MURPHY, Respondent.

1. *Statute of Frauds—Writing.*—A memorandum or note in writing, to take a case out of the statute of frauds, signed by the party to be charged, need not express the consideration, and need not be signed by the party seeking to enforce the contract. Where a bill is filed to enforce the specific performance of a contract in writing signed by the defendant, the contract is also signed by the plaintiff.

2. *Contract—Specific Performance.*—The specific performance of a contract for the sale of land, is not granted as a mere matter of right by the court to which it is addressed, but from a just and reasonable discretion, to be governed by sound legal rules and principles.

*Appeal from St. Louis Land Court.*

*Glover & Shepley*, for appellant.

I. The agreement being signed by Murphy alone is sufficient to charge him; for,

1. The express words of the statute are that it need only be signed by the *party to be charged.* (R. C. 1855, p. 807.)

2. Such has been the almost uniform decision as to the

true construction of the statute. (Clason v. Bailey, 14 Johns. 484; Matter of Hunter, 1 Ed., Ch. 1; McCrea v. Purvent, 16 Wend. 460; Woodward v. Harris, 3 Sand. 272; Penneman v. Hartshorn, 13 Mass. 87; Old Colony R R. Co. v. Evans, 6 Gray, 25; Flight v. Bolland, 4 Russ. 298; Brown, Stat. Frauds, §§ 365–6; Bean et als. v. Vallé, 2 Mo. 126; Halsa v. Halsa, 8 Mo. 303; King v. Wood, 7 Mo. 389; Bean v. Burbank, 16 Maine, 458.)

3. The plaintiff, by bringing his action, is estopped from denying that he has signed the agreement. (Same cases already cited.)

4. Bills of specific performance upon agreements signed by one party are maintained, not only because the language of the statute admits of no other construction, but because plaintiff, by filing his bill, makes the remedy mutual. (Palmer v. Scott, 1 Russ. & Ing. 391; Martin v. Mitchell, 2 Jac. & Walk. 426; Worrall v. Mann, 1 Seld. 229; Sugden, Vendors, 112–13; Sherley v. Sherley, 7 Blackf. 452.)

II. The property concerning the purchase of which the agreement was made is sufficiently described.

III. The consideration was accurately and specifically stated. The principal case, that of Wain v. Walters, has been held not to be law in more than half the States of the Union, including Missouri. (Brown, Stat. Frauds, § 391.) But it is not necessary in this case to seek to overturn that decision, for it in no manner supports the position taken by defendant. That case, as well as all others, holds the position that the essential terms of the contract must be expressed in the writing; and it has been held over and over again, that this may appear from implication of the words used in the writing. Chief Justice Tindall, 1 Bing. N. C., 761, cited in sec. 399 of Brown on Statute of Frauds, as containing the true doctrine.

*G. P. Strong*, for respondent.

I. Defendant relies upon the Statute of Frauds, which provides that "no action shall be brought upon any contract

for the sale of lands," &c., "unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith." (R. C. 1855, p. 807, § 5.) Hence it follows necessarily, that the *agreement* to be enforced must be a valid agreement; that is, it must be between parties competent to contract—must be upon a sufficient consideration. It must be concerning a proper subject matter, and then must be clear as to what the parties respectively undertake to do. In the absence of any of these qualities, there can be no valid agreement that any court of justice would undertake to enforce. (Wain v. Walters, 5 East. 16.) Now, a *consideration* is of the very essence of a contract; and, with or without the statute of frauds, no contract wanting this element can be enforced. (Saunders v. Wakefield, 4 Barn. & Ald. 595.) This would be a *nudum pactum*, and nothing more, and no court would enforce it. (Wain v. Walters, 5 East. 16; Morley v. Boothby, 3 Bing. 107.) It is fatally defective, because it does not state that Ivory had promised to sell. (Bean v. Burbank, 16 Mc., 4 Shep., 458; 3 T. R., Durnf. & East., 653.) It is not a contract for the sale of lands, because there is no engagement on Ivory's part to sell lands, and there can be no obligation to buy lands without a corresponding obligation to sell lands. There must be a binding contract to sell lands before there can be any contract to buy lands. (First Baptist Church v. Bigelow, 16 Wend. 28; Geiger v. Green, 4 Gill. 476.) This distinction between executory and executed contracts was noticed and relied upon by Ch. Justice McGirk, in giving his opinion in the case of Bean et al. v. Vallé et als., 2 Mo. 126; King v. Wood, 7 Mo. 389; Edgerton v. Matthews, 6 East. 307; Soles v. Hickman, 20 Penn. 180–183; First Baptist Church v. Bigelow, 16 Wend. 28; Sears v. Brink, 3 J. R. 210; Underwood v. Campbell, 14 N. Hamp. 393; Brown, Stat. Frauds, p. 405, §§ 394, 401; Sugden, Vend. 103; Lee v. Whitcomb, 5 Bing. 37. A contract to sell lands where there is no agreement to purchase, is void.

(Bean v. Burbank, 4 Shep. 458; Soles v. Hickman, 20 Pa. 183.) The case of Sears v. Brink et al., 3 J. R. 210, is precisely in point. Underwood v. Campbell, 14 N. Hamp. 393, is to the same effect. The whole question is presented in Brown on Statute of Frauds, p. 405, § 394, with the reasoning upon which the case of Wain v. Walters is sustained upon sound principles applicable to the construction of statutes.

II. It is a well established principle of equity jurisprudence, that a decree for specific performance is not a matter of right. (2 Sto. Eq. §§ 767, 770; Waters v. Howard, 8 Gill. 262, 283; Owings v. Baldwin, *id.* 337; Duvall v. Myers, 2 Md. Ch. 401–404; Geiger v. Green, 4 Gill. 477; Dodd v. Seymour, 21 Conn. 476.)

Although the language of the agreement is, "I have purchased," the petition shows that it was only understood to be an "agreement to purchase," not an actual purchase. Such is the legal construction of the words. Words indicating a conveyance *in presenti* are always construed to be a mere agreement to convey, where such is the evident intent of the parties. (Jackson v. Moncrief, 5 Wend. 26; Ives v. Ives, 13 J. R. 388; Jackson v. Myers, 3 *id.* 388; Jackson v. Clark, *id.* 424; Atwood v. Cobb, 16 Pick. 227.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his suit for specific performance, in the Land Court of St. Louis county, on the following instrument:

"St. Louis, May 17, 1859. I have this day purchased of John C. Ivory, for the sum of $25,000, the land in the Carondelet common field, known as blocks 61, 62 and 63, in survey numbered one hundred, and the western one-half of survey No. 98 of said common fields, and being known as a 30 and a 20 arpent tract; $6,000 to be cash, and the balance to be divided into eight payments, first at 3½ months, and the remaining seven every six months thereafter, and bearing 6 per cent. per annum interest; but if said Ivory

elects, a deed of trust on a part of this property must be assumed, and the balance made in payments as above. Deeds and papers to be made out as soon as possible. Joseph Murphy."

At the hearing of the cause in the Land Court, the plaintiff introduced the above writing in evidence, and then closed his case; whereupon the court, at the instance of the defendant, declared the law to be that, upon all the evidence in the cause, the plaintiff was not entitled to a decree for specific performance of the alleged contract. Plaintiff then took a non-suit, with leave to move to set the same aside. For the purpose of bringing the case to this court, it was admitted that plaintiff had title in the premises, and that he had tendered to the defendant a good and sufficient deed of conveyance to the same prior to the institution of this suit; and the only question involved in the determination here is, the legal effect and validity of the written instrument sued on.

It is insisted by the defendant that the contract is void for want of consideration ; that the written instrument is not such an agreement or memorandum as is required by the statute of frauds; and that plaintiff, not having contracted or agreed to sell the lands to defendant, it is not binding on him for want of mutuality. By the Statute of Frauds and Perjuries, it is enacted that no action shall be brought to charge any person upon any contract for the sale of lands, tenements, hereditaments, or any interest in or concerning them, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him thereto lawfully authorized. It is not necessary that the agreement should be signed by both parties, but only by the party to be charged. In the construction of the statute, courts have widely differed as to the meaning to be attached to the words memorandum or agreement, and the most protracted discussion has arisen out of this difference. Now, the statute was meant to prevent per-

juries, and hence it is contended that the writing or agreement must be complete in itself, containing the terms, the parties and the consideration, so that it can be enforced in the courts without the application of parol testimony.

In Wain v. Walters (5 East. 10), decided by Lord Ellenborough, it was held the word agreement must be understood to mean the consideration for the promise, as well as the promise itself, and, therefore, where one promised in writing that parol evidence of the consideration was inadmissible by the statute, and that, consequently, such promise appearing to be without consideration upon the face of the written agreement, was *nudum pactum*, and gave no cause of action. The decisions in the English courts have at times departed greatly from the strict doctrines laid down in Wain v. Walters, but that authority has been followed and declared to be law in many of the States in this Union, whilst in others it is rejected. From a review of the authorities, it will be seen that it has never met the approbation of the courts in this State.

The first case in which this subject was brought up for consideration in this court, is Bean et al. v. Vallé et al. (2 Mo. 126), from which it appears that on the 3d day of July, 1824, Bean obtained from the Receiver of Public Money for the St. Louis Land District, a receipt in these words:

" Receiver's Office, St. Louis, 3d July, 1824.—Received of Jonathan L. Bean, of St. Louis city, Mo., the sum of one hundred dollars, being in full, W. half S.W.· qr. of section No. 4, township No. 38, N. range 5 east, containing eighty acres, at the rate of $1.25 per acre. (Signed,) G. F. Strother, Receiver."

Bean, through an agent, sold the land to Vallé and others, and delivered the receipt of the Receiver, with the following endorsement thereon: "Transferred to Vallé, Janis and Vallé," and signed "J. L. Bean"; and this was all the evidence, note or memorandum there was of the contract of sale. Upon a bill brought for specific performance by Vallé, Janis and Vallé, the defence pleaded was that the endorse-

ment on the back of the Receiver's certificate did not show what land was transferred, nor how much, nor for how much; that the Statute of Frauds covered the case, and therefore no specific performance would be decreed. But McGirk, C. J., delivering the opinion of the court, held the transfer sufficiently certain as to the thing sold, and certain as to the quantity of interest sold, and declared that a "note or memorandum is something less than the main subject in detail, and if the note only says: 'Witness, that A. agrees to sell to B. a piece of land in fee,' and A. should sign this, I hold the statute is satisfied as to A.; but if B. refuses to take the land, then A. must show on a suit for specific performance such note signed by B. In my opinion, this is all the statute requires, and the vendor and vendee must each look to his own part of the transaction in case of future difficulty."

In Halsa v. Halsa (8 Mo. 303), the father, who resided in Chariton county, promised his son, who was then living in Livingston county, that if he would remove to a piece of land belonging to and near the residence of the former, he would give the land to his son. The son, at the time of the promise, had a family, and accepted the offer and removed to the land, and his father assigned to him the certificate of entry, in these words: " I, Joseph Halsa, do *sine* the within certificate over to Amos Halsa, which is to empower him to lift the deed in his own name. April 18th, 1835. Joseph Halsa." The officers of the Land Office refused to give the patent for the land to the son, upon his claim under this assignment, and delivered it to the father; the son then applied for a deed, and upon the father declining to make a conveyance vesting the title in him, he brought his bill for specific performance. It was decided by this court that the assignment on the certificate was a sufficient note or memorandum to take the transaction out of the operation of the Statute of Frauds, and that the law had long been settled in this State by the case of Bean et al. v. Vallé et al. And Judge Scott says: " If the consideration was valuable, it

may be objected it was necessary to express it in the assign-ment of the certificate, and, not being so expressed, the agreement was not binding under the Statute of Frauds. This was the law as declared in England, in the case of Wain v. Walters (5 East.); but in the case before referred to of Bean et al. v. Vallé et al., this question underwent an elab-orate argument, and this court came to the conclusion that a correct construction of the Statute of Frauds did not re-quire that the consideration should be expressed in the note, memorandum, or agreement, concerning a sale or transfer of lands or an interest therein."

The case of King v. Wood (7 Mo. 389) does not militate against the construction of the statute enunciated in the foregoing cases. There, the proposition which was made and accepted was to sell the property known as the "Union Hotel property." The essential terms of the description were fatally defective; there was nothing on which the con-tract could operate without resorting to parol evidence to fix its locality and the precise property intended to be sold. Were the question *res nova*, we are not prepared to say that we would give to the statute so liberal a construction as it has heretofore received in this court; but we feel bound by the doctrine of *stare decisis* to adhere to the rule which has been uniform ever since the establishment of our State Govern-ment.

The case that we are now considering is much stronger and more definite than either of those we have just cited. In the agreement, the property is described with sufficient accu-racy, the amount to be paid, and the manner and time of making the payments also appear; and there is but one ob-jection that can be urged against it, according to the most stringent principles laid down in Wain v. Walters, and the authorities that have followed that case, and that is, that it does not appear by the note, memorandum or agreement that the vendor is bound, and there is consequently no mu-tuality. It was decided by Lord Redesdale, in Lawrence-son v. Butler, (1 Sch. & Lef. 20,) that unless the agree-

ment was signed by both parties, there was a want of mutuality, which, upon established principles, is an objection to specific performance. But this decision was received with dissatisfaction, and has been long since considered as overruled, both in this country and in England.

Where the party files a bill, he does an act that will bind him, and from that time there is mutuality; and the other party cannot plead the Statute of Frauds, because the words of that statute only prevent an action from being brought where the agreement is not signed by the party to be charged, or by some person by him thereto lawfully authorized. When the bill is filed, it is an attempt to charge the defendant, and, if he has signed the agreement, it is signed by the party to be charged, and it follows that he cannot take advantage of the statute. (Martin v. Mitchell, 2 Jacob & Walk. 413; Flight v. Bolland, 4 Russ. 298; Palmer v. Scott, 1 Russ. & Myl. 391; McGowen v. West, 7 Mo. 569, affirmed in Farrar v. Patton, 20 Mo. 81.) Where there is merely a proposition, it must, to constitute a valid agreement, be accepted in writing; but when the party signs the agreement, it then becomes, on his part, an express undertaking.

As to the effect which the interlineation may have on the written agreement, we cannot now give an opinion; that matter is not properly before us. There is nothing saved in the record which will enable us to pass upon it. A bill for the specific performance of a contract is not granted as a matter of right by the court to which it is addressed, but from a just and reasonable discretion. But this discretion is not to be exercised in an arbitrary or capricious manner, but is to be governed by sound legal rules and principles. If, upon a whole view of the facts and circumstances, the court shall be of the opinion that the contract is fair, just and equitable, it will use its extraordinary authority and decree specific performance; but if, on the contrary, it appears inequitable and unjust, the remedy will be denied and the party left to his action at law.

The court, from its instruction, evidently considered the agreement bad under the Statute of Frauds, and for this we reverse the judgment and remand the cause.

Reversed and remanded.   Judge Holmes concurs; Judge Lovelace absent.