WILLIAM T. BROWNING *et al.*, Plaintiffs in Error, *v.* DANIEL WALBRUN *et al.*, Defendants in Error.

1. *Frauds, statute of— Evidence of parol lease inadmissible, under petition counting on written instrument.—* In an action of damages for breach of a lease, where the petition counted upon a written lease when there was no such lease, but only a contract to pay money in consideration of a lease, it was incompetent to offer in support of that count either a parol lease or the written promise of defendant to pay money; and the court committed no error in ruling them out. But had the petition set out a parol lease, it would have been competent to prove it as well as the written agreement. In such case the agreement under which defendant was sought to be charged under the statute of frauds was the written obligation to pay rents.

### *Error to Fifth District Court.*

*McFerran & Mansur*, for plaintiffs in error.

The statute of frauds has no application in this case. The plaintiffs in error, by suing upon the agreement filed as the foundation of the suit, did an act that bound them; and the defendants in error signed the agreement, and therefore could not plead the statute.    (Ivory v. Murphy, 36 Mo. 542.)

*Richardson* and *Hall*, for defendants in error.

I. The petition counts upon an instrument of writing, and the plaintiff, if he recovers at all, must recover on the contract declared on; and that being a contract in writing, the writing itself must be produced.    (Harris v. Hann. & St. Jo. R.R. Co., 38 Mo. 307; Perry v. Barrett, 18 Mo. 143.)

II. No written evidence having been given or offered to prove the contract declared on, oral evidence, no matter what it might be, would have been wholly immaterial, as no recovery could have

been had thereon. (Penseneau v. Penseneau, 22 Mo. 27 ; Robinson v. Rice, 20 Mo. 227 ; Dieckman v. McCormick, 24 Mo. 596 ; Duncan v. Fisher, 18 Mo. 403 ; Beck v. Ferran, 19 Mo. 30 ; Smith v. Best, 42 Mo. 185.)

BLISS, Judge, delivered the opinion of the court.

The petition alleges that the plaintiffs leased to defendants, "by a written agreement herewith filed, dated," etc., "a certain store-room," etc., "for the term of three years, commencing," etc., "at the rent of $3,600, payable monthly in advance, which said sum the defendants agreed to pay to the plaintiffs." It further alleges that the plaintiffs "were ready and willing to perform all the conditions of said agreement on their part," but that "defendants have failed to pay the first installment of rent, refused to receive the store-room, discharged the plaintiff from the performance of his contract, broke and put an end to their said promise and agreement," and asks for damages for the breaches of the agreement.

The answer denied the lease as described in the petition, but admitted the execution of the paper filed, and sought to avoid the obligation created by that paper by alleging that the defendants could not obtain possession of the store-room. The following is a copy of the paper filed with and referred to in the petition :

"CHILLICOTHE, Mo., June 30, 1868.

"This is to certify that we agree to pay Browning, Henry & Odle for the rent of the corner store-room, for the term of three years, thirty-six hundred dollars, payable monthly in advance, and the rent commences on the first day of July, 1868 ; and we further agree not to put heavy groceries in said room to any great extent," etc.                    "DANIEL WALBRUN & Co."

Upon the trial, the plaintiff offered said paper in evidence to prove the lease. Objection was made for variance. The objection was sustained and the paper withdrawn. They next offered parol evidence of the lease, which was objected to, and the objection was sustained, and the plaintiff went out of court.

The point which seems by the record to have been chiefly considered by the Circuit Court pertains to the validity of the lease

as affected by the statute of frauds. The paper filed with the petition is not a written lease, but simply an obligation to pay rent in consideration of a lease. Had the petition set out a parol lease as the consideration for the agreement, it would have been competent to prove it as well as the written agreement; for it is well settled that the statute of frauds is only available by the party who comes within its purview — that is, the party who has failed to sign the obligation with which he is sought to be charged. The statute does not declare such contracts void, but only provides that no action shall be brought to charge one upon them unless the agreement shall be signed by the party to be charged therewith. The defendants signed an agreement pertaining to the sale of lands, and they can not defend under the statute, and the action is not brought to charge the parties who failed to contract in writing. Affirming the contract themselves, they have a right to enforce it against the other party. (McGowan v. West, 7 Mo. 569; Farrar v. Patton, 20 Mo. 81; Ivory v. Murphy, 36 Mo. 534.) So the reason stated in the record for rejecting the evidence was not a sound one. So far as the statute is concerned, both the writing and the testimony were competent.

The difficulty all lies in the petition. It counts upon a written lease when there was no such lease, but only a contract to pay money for the consideration expressed. The suit should have been upon that contract, and if the defendants sought to avoid it by denying the consideration, or by pleading a want of it, it would have been competent to show a parol lease to sustain the promise. But inasmuch as the plaintiff counted upon a written lease, and asked for damages for not complying with the terms of that lease — for the unusual manner of stating the breaches means that or nothing — it was incompetent to offer in support of that count either a parol lease or the written promise of defendants to pay money, and the court committed no error in ruling them out. It is true, the plaintiffs, under the statute of *jeofails*, might have amended their petition, but they did not ask the privilege of doing so, and must abide the result.

The judgment of the District Court, affirming that of the Circuit Court, is affirmed. The other judges concur.