KANSAS CITY, Appellant, v. JAMES O'CONNOR et al., Respondents.

Kansas City Court of Appeals, February 5, 1900.

1. **Municipal Corporation: SPECIAL TAXES: SPRINKLING.** Special tax against abutting property is based on the idea of an improvement to the property but sprinkling a street is too intangible to be denominated an improvement and a contract for paving and sprinkling a street is *ultra vires* where the contract is entire.

2. ———: ———: ———: **ENTIRE CONTRACT.** Where the ordinance, the bids, the letting and the contract itself,—all contemplate and provide for the paving, repairing and sprinkling as one work for an entire sum, the transaction is an entirety and a part being illegal and void the whole is void. Smith, P. J., concurring in a separate opinion discussing entire and severable contracts and indivisible and apportionable considerations.

3. ———: **CONTRACTS: ULTRA VIRES.** An *ultra vires* contract can not be validated by being partly performed.

4. ———: ———: ———: **STATUTE OF FRAUDS.** *Ultra vires* contracts are prohibited from being made and the corporation can not make them, while contracts within the statutes of frauds are not prohibited from being made but are only prohibited from being enforced.

5. ———: ———: ———: **COMPLETELY PERFORMED.** Where an *ultra vires* contract has been performed by both sides, the status of the parties has become fixed and the courts will not disturb their condition; but a party can not stand in court upon a contract forbidden by law.

6. ———: ———: ———: ———: **REMEDY.** While municipal corporation can not enforce an *ultra vires* contract or recover damages for its breach, it may recover the consideration parted with on reliance on the contract and thus disaffirm the same.

7. ———: ———: ———: SURETY. A municipal corporation can not maintain an action on a contractor's bond against his sureties where the contract is *ultra vires.*

ON MOTION FOR REHEARING.

8. ———: ———: ———: PRINCIPAL AND SURETY. Where the contract is not unlawful the party who has received the benefit and his sureties are estopped to deny its validity; but a contract to tax abutting property to sprinkle a street is unlawful and the municipal corporation is not estopped to set up *ultra vires.*

9. ———: ———: ———: VOID TAX BILLS. Where a city ordinance taxes abutting property to sprinkle a street and issues tax bills in payment thereof, the bills are void and there is no payment or part performance by the city.

Appeal from the Jackson Circuit Court.—*Hon. John. W. Henry,* Judge.

AFFIRMED.

*R. B. Middlebrook* for appellant.

(1) "It is needless to cite authorities that this bond, although voluntary and not authorized by any statute, is good as a common law bond. All bonds, though voluntary, if they do not contravene public policy, nor violate any statute, are valid and binding on the parties to them." Barnes v. Webster, 16 Mo. 265. (2) The provisions of section 21, article 9 of the Kansas City Charter, distinctly authorize the city authorities to provide for the maintenance and repair (within two years) of work of this character. Section 21, article 9, charter 1889, Kansas City, as amended in 1892, page 162, Revised Charter and Ordinances of 1898. Also section 2, article 9, page 137, Revised Charter and Ordinances of Kansas City, of 1898. (3) The decision by Judge Philips of the federal court, which declared that tax bills for sprinkling, issued on the authority of section 21, article 9, of the Kansas City Charter, are void, and that the city had no power to make a contract binding adjoining property with liens for the payment of sprinkling tax bills, can not be invoked as an au-

thority in this case, because the conditions of the bond sued on are severable, and the petition has made a severance and seeks to bind the bondsmen, not for a failure to sprinkle the street, but for a failure to maintain and keep in repair the same. "The rule is that where the condition of a bond is entire and the whole be against law, it is void; but where the condition consists of several different parts, and some of them are lawful and the others not, it is good for so much as is lawful, and void for the rest." Presbury v. Fisher, 18 Mo. 52. (4) Defendants are estopped from denying the validity of the contract mentioned in the bond. An admission under seal is conclusive upon the obligor and estops him from asserting or proving to the contrary. The obligors now seek to maintain that there was no such contract, for the reason as they say that the city had no power to enter into it. Under a well known rule of law governing estoppel, defendants are estopped from setting up such a defense as this. Hermann on Estoppel and Res Judicata, secs. 630, 631, 632, 633, 634, 635 and 636; State ex rel. v. Williams, 77 Mo. 463; Brewing Co. v. Niederweiser, 28 Mo. App. 237; State v. Pace, 34 Mo. App. 459.

*Scarritt, Vaughan, Griffith & Jones* for respondent.

(1) It has been expressly held that Kansas City has no authority to issue special tax bills against private property to pay for sprinkling streets. Ins. Co. v. Prest, 71 Fed. Rep. 817; Chicago v. Blair, 149 Ill. 310; 36 N. E. Rep. 829; Pettit v. Duke, 10 Utah, 311; 37 Pac. Rep. 568; Charter and Rev. Ords. of Kansas City, 1898, secs. 12, 234; Verdin v. St. Louis, 131 Mo. 26, 101. (2) The city exceeds its authority and power when it attempts by ordinance, contract and bond to pay the cost of sprinkling by special taxation. The contract and bond are consequently *ultra vires*, and there can be no liability on such a contract or bond. Cheeney v. Brookfield, 60 Mo. 53; State v. Railway, 75 Mo. 212; Mister v. City of

Kansas, 18 Mo. App. 217; McQuiddy v. Brannock, 70 Mo. App. 541; Knapp v. Kansas City, 48 Mo. App. 485; Schopp v. St. Louis, 117 Mo. 131; Dill., Mun. Corp., secs. 411, 381, 412, 749; Marsh v. Fulton Co., 10 Wall. 676; Thomas v. Richmond, 12 Wall. 349; Loker v. Brookline, 13 Pick. 353; Clark v. Des Moines, 19 Ia. 119, and cases cited; Brady v. The Mayor, etc., of the City of New York, 20 N. Y. 312. (3) Nor is a party making a contract with a municipal corporation which is *ultra vires*, estopped when the corporation brings an action formed thereon to set up its want of authority to make it. 15 Am. and Eng. Ency. of Law [1 Ed.], pp. 1100 to 1102 and cases cited in notes; Montgomery v. Road Co., 31 Ala. 76; Cheeney v. Brookfield, 60 Mo. 53. (4) A condition to perform an antecedent or contemporaneous contract other than that of the bond itself is construed with reference to and in connection with such separate contract. The bond and contract are part of one and the same transaction. 4 Am. and Eng. Ency. of Law [2 Ed.], p. 685, and cases cited in notes. Oberbeck v. Mayer, 59 Mo. App. 289; Sumner v. Summers, 54 Mo. 340; Cheltenham Brick Co. v. Cook, 44 Mo. 29; Gwinn v. Simes, 61 Mo. 335; Bick v. Seal, 45 Mo. App. 475; Malone v. Fidelity & Casualty Co., 71 Mo. App. 8; Friend v. Porter, 50 Mo. App. 89; Sprague v. Rooney, 104 Mo. 349; McDearmott v. Sedgwick, 140 Mo. 172; Lewis v. Walker, 61 Mo. App. 550; Johnson v. Ragsdale, 73 Mo. App. 594; Harrington v. Crawford, 136 Mo. 467 and citations. No cause of action either *quantum meruit* or sounding in damages can arise from a void contract. Keating v. Kansas City, 84 Mo. 415; Crutchfield v. Warrensburg, 30 Mo. App. 456; Taylor v. School Dist., 60 Mo. App. 372. (5) The question of estoppel does not enter into this case. No question of estoppel can arise under a deed which is void. Douthitt v. Stinson, 63 Mo. 268; Reinhart v. Mining Co., 107 Mo. 616; Schenck v. Stumpf, 6 Mo. App. 381; Crockett v. Althouse, 35 Mo. App. 404; State ex rel. v. Murphy, 134 Mo.

548; Merriam v. Boston, 117 Mass. 241; Nichols v. Bank, 55 Mo.App. 81.

*G. F. Ballingal* and *Wm. Moore* for respondent.

(1) The ordinance, contract and bond were without authority of law, *ultra vires,* illegal and wholly void. Chicago v. Blair, 149 Ill. 311; Pettit v. Duke, 10 Utah, 319; Verdin v. St. Louis, 131 Mo. 26, 91; Sumner v. Summers, 54 Mo. 340. (2) The sureties may set up the illegality of the contract in an action against them for the penalty of the bond, for which it is the consideration, and wherever the consideration is partly illegal or wholly illegal, the obligation is void. Bank v. Stegwall, 41 Miss. 142; Thorn v. Ins. Co., 80 Pa. St. 115; Widoc v. Webb, 20 Ohio St. 435; Gwinn v. Simes, 61 Mo. 337; Sumner v. Summers, 54 Mo. 340. (3) If the contract is unlawful or illegal in whole or part, this defeats the entire contract. Bick v. Seal, 45 Mo. App. 475; Friend v. Porter, 50 Mo. App. 89; Connor v. Black, 119 Mo. 126. When contract is void no recovery can be had on *quantum meruit.* Ashbrook v. Dale, 27 Mo. App. 649. (4) When the contract is unlawful or *ultra vires,* and the municipality brings suit on the contract, the contracting party is not estopped from setting up the want of authority to make it. Montgomery v. Road Co., 31 Ala. 76; Sumner v. Summers, 54 Mo. 340; Harley v. Stapleton, 24 Mo. 248; Brewing Co. v. Hazen, 55 Mo. App. 277; City Charter (Revised), 1898, sec. 2, 137; McQuiddy v. Brannock, 70 Mo. App. 544.

ELLISON, J.—The defendant O'Connor is a contractor who paved a street in Kansas City under an ordinance thereof. This action is on the bond given by O'Connor as principal and the other defendants as sureties for the faithful performance of the contract, wherein it was alleged to have been a part of the contract that O'Connor was to keep the street in repair

for a certain period which he failed to do. The action is for a breach of the contract. A demurrer to the petition was sustained in the trial court on the ground that it did not state a cause of action. The city appealed.

The contract embodied an agreement not only to pave and keep in repair, but also to sprinkle the street in question. The ordinance, the bids, the letting of the contract and the contract itself, all contemplated and provided for the paving, repairing and sprinkling as one work for one entire sum. There was no separation.

That portion of the contract providing for sprinkling the street was *ultra vires*. It was not within the power of the city to lay a special tax against the abutting property of the citizen for the purpose of paying for sprinkling. A special tax against abutting property is based and sustained on the idea that the work for which the tax is laid is an improvement of the property, and sprinkling to keep down the dust, while good for the comfort of the inhabitants, is too intangible to be denominated an improvement of the property. Chicago v. Blair, 149 Ill. 310; Ins. Co. v. Prest, 71 Fed. Rep. 817; Pettit v. Duke, 10 Utah, 311.

We therefore have a contract and a bond which provide for doing a work, as an entirety—inseparable—a part of which is illegal and void. Under such condition the whole contract is void. Virden v. City of St. Louis, 131 Mo. 26; Sumner v. Summers, 54 Mo. 340.

But it is argued for the plaintiff that since O'Connor, the contractor, has been paid for the work as provided by the contract, it has become performed by the city and that he (or his sureties standing in his shoes) can not set up *ultra vires* against the city. The authorities on this phase of the doctrine of *ultra vires* are not in accord. But in our view the reason of the matter is, that if a contract is void it can not be validated by being partly performed. The limit to the right of a corporation to contract is made by the policy of the law

and a violation of the law ought not to be made to work out the validity of the contract. Thomas v. Railway, 101 U. S. 85. In that case it was said that a right of action on a contract *ultra vires* could not be founded on the withdrawal of a party to it. To hold that it could "is, in our opinion, to hold that any act performed in executing a void contract makes all its parts valid, and that the more that is done under a contract forbidden by law, the stronger is the claim to its enforcement by the courts." The same conclusion is announced in Railway v. Railway, 130 U. S. 22, 38; Railway v. St. Louis R'y Co., 118 U. S. 316-318; Transportation Co. v. Car Co., 139 U.S. 54; Compress v. Planters' Press., 70 Miss. 669; Marble Co. v. Harvey, 92 Tenn. 115; Trust Co. v. Miller, 33 N. J. Eq. 155; Black v. Delaware, 24 N. J. Eq. 455. In Trust Co. v. Miller, 33 N. J. Eq. 162, it is said that: "The supreme court of the United States has recently declared, following a judgment of the house of lords, in which the present Lord Chancellor (Seborne) and the late Lord Chancellor (Cairns), and Lords Chelmsford, Hatherly and O'Hagan concurred, that the broad doctrine is now established that a contract, not within the scope of the powers conferred on a corporation, can not be made valid by the consent of every one of the shareholders, nor can it, by any partial performance, become the foundation of a right of action. Thomas v. Railroad, 101 U. S. 71. While it must be admitted that this doctrine has not received the sanction of every eminent judge who has been called upon to enforce it, yet I think it is now vouched for by such august authority, and is so manifestly supported by sound reason and the highest considerations of policy, that it must hereafter be accepted, universally, as expressing the true rule of judgment in such cases." The view expressed in the foregoing cases is adopted as a correct statement of the law in Reese on *Ultra Vires*, sec. 72.

Contracts *ultra vires* can not be likened to contracts within the statute of frauds where part performance ousts the

application of the statute.   For the former are prohibited from being made and the corporation can not make them.   A thing void can not be made valid by relation.   While the latter are not prohibited from being made but are only prohibited from being enforced and they are not void, they are simply unenforcible.   McGowen v. West, 7 Mo. 569; Alexander v. Merry, 9 Mo. 514; Farrar v. Patton, 20 Mo. 81; Ivory v. Murphy, 36 Mo. 534; Browning v. Walbrun, 45 Mo. 477; Aultman v. Booth, 95 Mo. 383; Minns. v. Morse, 15 Ohio, 568; Child v. Pearl, 43 Vt. 230.   The language of the statute of frauds is that "no action shall be brought to charge," etc..   While the language of the law is, that no contract beyond the chartered power can be made.

This is a different case from that where a contract *ultra vires* had been performed by both sides, the status of the parties become fixed and the whole matter at an end.   In such instances courts rarely disturb the condition in which the parties have placed themselves.   Neither party could make out his case without showing his own violation of the law.   This case is founded on the fact that a part of the contract, to wit, repair, had not been performed and it is for that alleged dereliction that damages are sought.   And in order to sustain its case the city proposes to rely upon a contract which was forbidden by law.

But if, as claimed, the city has paid O'Connor for the work, it must not be understood that it is without remedy. It is without remedy on the contract for that, as we have seen, is void.   But it may sue O'Connor on the case it has outside the contract.   That is, O'Connor can not keep the consideration and yet refuse to perform the work for which he received the consideration.

"A contract *ultra vires* being unlawful and void, not because it is in itself immoral, but because the corporation, by the law of its creation, is incapable of making it, the courts, while refusing to maintain any action upon the unlaw-

ful contract, have always striven to do justice between the parties, so far as could be done consistently with adherence to law, by permitting property or money, parted with on the faith of the unlawful contract, to be recovered back, or compensation to be made for it."

"In such case, however, the action is not maintained upon the unlawful contract, nor according to its terms; but on an implied contract of the defendant to return, or, failing to do that, to make compensation for property or money which it has no right to retain. . To maintain such an action is not to affirm, but to disaffirm, the unlawful contract." Transp. Co. v. Car Co., 139 U. S. 60.

The plaintiff may recover outside the contract "to the extent of the benefit received by the defendant from the execution of the agreement by the plaintiff." Compress v. Planters' Press, 70 Miss. 669; Gas Light Co. v. United Gas Co., 85 Maine, 541; Reese on *Ultra Vires*, sec. 74, and authorities cited.

So far as the relief is concerned, there is analogy between a contract disavowed on account of *ultra vires* and on account of the statute of frauds. In the latter case, as we decided this term in Andrews v. Broughton, if one who has received money or property on a contract which he avoids by the statute of frauds, he is liable to an action for the money, or the value of the property.

Since this remedy of the city is not upon the contract, but rather in disaffirmance of it, and so it is stated by the foregoing authorities, it follows that the sureties are not liable on the bond, for the bond is conditioned for a performance of the contract, which, as we have seen, is an illegal thing and ought not to be performed. The sureties only stand for the principal on the contract. If the contract is void no liability attaches in the absence of a provision to that effect. O'Connor not being liable on the contract, there can be no default and, of course, no liability can attach to the sureties.

The result is that we affirm the judgment. *Smith, P. J.* concurs and also files separate opinion. *Gill, J.* dissents and asks that the cause be certified to supreme court as being in conflict with the cases of Presbury v. Fisher, 18 Mo. 50, and Peltz v. Eichele, 62 Mo. 171.

It is so ordered.

SMITH, P. J. (*concurring*):—But it is contended by the city that even if the correctness and applicability of the principles already stated be conceded, still the demurrer was improperly sustained. It is insisted that even if the sprinkling part of the said contract is *ultra vires*, that the other part may be enforced. Whether or not this insistence can be sustained depends upon whether or not the consideration for the promise of the sureties is severable, and if so, whether or not the latter is divisible and apportionable to the several parts of the consideration so far as to be attributable exclusively to a valid consideration.

The effect of the contract of guaranty sued on is, as to the sureties, no more than a promise on their part, that if their principal should fail to perform his contract with the city for the doing of the things therein specified, and that in consequence of his default the city engineer should cause such things to be done, then, in that event, they would pay the cost thereof not to exceed the sum of two thousand five hundred dollars. The indemnity was promised to secure the performance of two things, one of which was to keep in repair a certain macadam pavement which was legal and the other to sprinkle said pavement which was illegal. Not illegal in the sense of *malum in se* or *malum prohibitum*, but nevertheless illegal, or contrary to law. Reese on *Ultra Vires*, secs. 56, 57; State v. Distilling Co., 29 Neb. 700.

It seems to us to be an elemental principle of the law of contracts that if there is one entire consideration for two several contracts, and one of these contracts is for the perform-

ance of an illegal act the whole is void. But where there are several considerations for separate and distinct contracts, and one is good and the other bad, the one may be stated and be enforced though the other fails. Addison on Contr., secs. 299-300; 2 Cheety on Contr. [11 Ed.], 973.

In Webb's Pollock on Contracts [new Ed.], 321, 322, it is stated that, if any part of the consideration for a promise is unlawful the whole agreement is void. For it is impossible in such case to apportion the weight of each part of the consideration inducing the promise. In other words, where independent promises are in part lawful and part unlawful, those which are lawful can be enforced, but where any part of an entire consideration is unlawful all promises founded upon it are void. In Leake on Contracts, 677, it is stated: "If the promise is divisible and apportionable to the several parts of the consideration it may be supported so far as attributable to a valid consideration." In Bishop v. Palmer, 146 Mass. 469, it was said: "As a general rule where a promise is made for an entire consideration, a part of which is fraudulent, immoral or unlawful and there has been no apportionment furnished by the parties themselves it is well settled that no action will lie on the promise."

It has been decided that where one purchased two pieces of land, each for a specific price, and took a conveyance for both and was afterwards ejected from one for defect of title he was entitled to recover on the covenants of warranty. Johnson v. Johnson, 3 Bos. & Pul. 162; Miner v. Bradley, 22 Pick. 459. In Frazier v. Thompson, 2 Watts & Serg. 235, it was said: "If the contract had been that in consideration of all the articles furnished by plaintiff the defendant gave the note, it would be an entire contract and the illegality of the consideration in part would avoid the whole contract. And the reason is that in the supposed case we can not separate the good from the bad. But where the contracts are separate and distinct no difficulty exists."

In Wooten v. Walters, 110 N. C. 251, it is said: "A contract is entire and not severable when by its terms, nature and purpose it contemplates and intends that each and all of its parts, material provisions and the consideration are common to each other and interdependent. Such contract possesses essential oneness in all material respects. The consideration is entire on both sides. * * * On the other hand, a severable contract is one in nature and purpose susceptible to division and apportionment having two or more parts in respect to matters and things contemplated and embraced by it, not necessarily dependent on each other. Nor is it intended by the parties that they shall be.

"In such contract the consideration is not single and entire as to all its several provisions as a whole; until it is performed it is capable of division and apportionment. Thus though a number of things be brought together without fixing an entire price for the whole, but the price of each article is to be ascertained by rate or measure as to the several articles, or when things, being of different kinds, though the total price is named but a certain price is affixed to each thing, the contract in such cases may be treated as a severable contract for each article although they all be included in one instrument of conveyance or contract." It is further held in the same case that where there is a contract to pay a gross sum of money for a certain definite consideration it is entire and not severable or apportionable in law or equity.

In the present case we have but a single promise to pay a certain sum in gross on the happening of two contingencies. How can such promise be divided and apportioned to the two undertakings of the guarantors? Suppose the two undertakings—two things guaranteed, are severable and distinct, how is the promise of the guarantors to be divided and apportioned? What part of the indemnity which the guarantors promised to pay shall be apportioned to each breach of the undertaking? If one of the undertakings be unlawful must the entire indem-

nity stand as a security for the performance of the one which is lawful?

It seems to us, in the light of the principles to which we have already referred, that the promise of the sureties is not divisible or apportionable to the several parts of the undertaking of the principal and for that reason can not be enforced. Had it been provided in the contract that if the principal made default in performance thereof that the city could then cause performance to be made at the cost of the sureties not to exceed a certain amount each for the sprinkling and the street repairs—the two together being equal to the amount of the promised indemnity then we would have had a division and apportionment of the promise to each default, and a promise that was susceptible of enforcement as to so much thereof as was supported by a legal consideration. But we have nothing of the kind.

In Peltz v. Eichele, 62 Mo. 171, the question was as to the divisibility of a covenant, to do certain things. The covenantor did not as here enter into a bond of indemnity with sureties thereon to secure performance. The suit was not then as here to recover the entire indemnity for the breach of only one of the undertakings—the lawful one. The question of the division and apportionment of the promise of indemnity did not arise and was not discussed in the case. Accordingly, we think the jugment should be affirmed.

## ON MOTION FOR REHEARING.

ELLISON, J.—Counsel cite the case of City of St. Louis v. Davidson, 102 Mo. 149, as being contrary to the foregoing views on the question of *ultra vires*.

We do not think so. That case conceded that if the contract is unlawful estoppel will not save it. It does, however, hold that if the contract is not unlawful or forbidden, the party who has received the benefit can not plead *ultra vires*—

that he and his sureties are estopped to deny the validity of the contract. Now in this case is it not unlawful to attempt to tax private property without warrant of law? Is it not taking private property without consent of the owner to lay a charge on it for sprinkling? The act of the municipality was not only not authorized, but it was unlawful and the contract, therefore, was void. Cheeny v. Brookfield, 60 Mo. 53.

"Upon a contract which is *ultra vires* in the true sense of that expression, that is, upon a contract relating to matters wholly outside of the chartered powers of the corporation, there is no liability upon the contract; and the corporation is not estopped to set up the defense." 2 Dillon Mun. Corp., sec. 935; 1 Ib., sec. 457.

But another consideration is, that in this case there has really been no part performance by the city. It has not paid for the work, since all it did was to issue void tax bills in settlement thereof.

The motion for rehearing should be overruled, *Smith* and *Gill, JJ.,* concurring. *Gill, J.,* on further consideration having concluded the original opinion is not in conflict with the cases there mentioned by him, concurs therein.