The opinion of the Court was delivered by
Duncan J.
The notes on which this action was brought are disputed on the ground of the illegality of the consideration. It was alleged, that they were given for tavern bills, *141 and that if there were other considerations, the blending of the illegal with the legal considerations vitiates the whole. By the 3d section of the act of 26th August, 1721, it is provided, that no person keeping a public house shall give credit to any person whatsoever for liquors, or any other inn or tavern reckonings, in any sum exceeding 20 shillings, under the penalty of forfeiting and losing any such debt; and by the 5th section, any person suing for a tavern debt above 20 shillings, shall be nonsuited and pay double costs. The act provides, that it maybe pleaded in bar of the suit. The plea here is non assumpsit and payment. The notes do not extinguish the original contract; they are prima facie evidence of a debt; for in an action for money lent, promissory notes may be given in evidence. In other actions of assumpsit, cases of simple contract, the consideration must be formally and expressly stated; but in promissory notes and bills of exchange; and some other legal liabilities, the. statement of the liability which constitutes the consideration, is sufficient. A note may consist of many items; be composed of many contracts; and though they are blended in the note, they are divisible in their nature ; if part of the contract arises on a good and part on a bad consideration they are divisible; the legal contract remains, and the party has a right to maintain his action for so much of his demand as is legal. Robinson v. Bland, 2 Burr. 1077. If the contract is entire, and founded on two considerations, one of which is unlawful, that vitiates the whole, and this is the principle of the decision in Cro. Eliz. 199, and in 8 Johns. 196, Crawford v. Morrell, this is the reason assigned by the Court. This contract is entire, and if part of one entire contract be void, the whole is void. If a statute declares any security taken for a matter prohibited, shall be void, and an action is brought on a security taken for that which is unlawful, but is blended with that which is lawful, the whole security is void, because the letter of the statute makes it void and is a strict law. 2 Saund. 66. Hob. 14. But where the condition of a bond consists of several different parts, and some of them are lawful and others not, it is good for such as is lawful, and void for the rest. In case of an executory contract, where part of the executory consideration is illegal, there can be no recovery ; but where the contract and the consideration is executed, if there be a *142 sufficient valid consideration, it will support the action, and it is sufficient to state the valid one, though there be others which are frivolous and void. 1 Chitty's Plead. 296.
It would be unreasonable to say, that where a note is given on a final settlement of accounts for a balance, if one item of the account, consisting of a tavern debt, exceeded 20 shillings, that the whole should be void. The tavern bill only is avoided, but the honest debt is not forfeited. And if the opinion excepted to went no further than this, and so laid down the law, there would be no error; but it is impossible to give it this construction. For the Court say, that so far as the tavern debt, or reckoning, exceeds the sum of 20 shillings, the act of assembly will avail the defendant. It would be a forced, construction, that the Court intended only to declare, that if the tavern debt did not exceed 20 shillings, it was recoverable. No, the plain import is, that although the tavern debt did exceed 20 shillings, the inn-keeper might recover 20 shillings, for so much of the debt is legal, and this certainly was not the intention of the legislature j for the inn-keeper who trusts above 20 shillings, forfeits the whole debt; he is to be nonsuited; he is not to receive any thing. And although the plaintiff in error could not be affected by this error beyond 20 shillings, yet the Court cannot measure the extent of the injury the party may have received from this error, and because the error only goes to a small amount of the judgment recovered, overlook it, and affirm a judgment which is in principle erroneous.
Judgment reversed, and a venire facias de novo awarded.