## Duchman *against* Hagerty.

The keeper of a public house or inn cannot recover in an action upon a book account, for liquors or any other tavern reckonings, which exceed in amount twenty shillings.

ERROR to the district court of *Lancaster* county.

The administrators of Jacob Duchman against Andrew Hagerty. The plaintiff's claim was founded upon a book account, from 1817 to 1830, and was composed of charges for liquors, meals of victuals, lodging and horse-feed.

To which the defendant pleaded as follows:

" And the said Andrew Hagerty, by his attorney, comes and defends the wrong and injury when, &c. and says that the said plaintiffs ought not to have, or maintain their aforesaid action thereof against him, because, he says, that the demand of the plaintiffs by their declaration and bill of particulars, is for liquors and tavern reckonings, and the amount demanded exceeds twenty shillings, for which liquors, tavern reckonings, and expenses, amounting to more than twenty shillings, it is alleged the intestate of the plaintiffs gave a credit to the defendant: that by the third and fifth sections of the act of assembly, passed on the 26th day of August 1721, relating to public houses, inns or taverns in Pennsylvania, all demands for tavern reckonings, liquors and expenses, where the amount sued for exceeds twenty shillings, are prohibited and declared unlawful. That the plaintiffs cannot by law, demand, sue for, and recover the tavern bill and reckoning demanded by their declaration and bill of particulars as aforesaid. And this the said Andrew is ready to verify: wherefore he prays judgment, if the said plaintiffs ought to have or maintain their aforesaid action thereof against him, &c."

Replication of plaintiff.

" That plaintiffs can, by law, demand, sue for, and recover the the tavern bill and reckoning demanded by their declaration and bill of particulars as aforesaid, and the statute pleaded by defendant's plea, does not prevent plaintiff from recovering the amount of his claim."

It is admitted, that Andrew Hagerty was a drover; that Mr Duchman's inn was his stopping place in Lancaster; and that he was, and is a man of property. He is a single man, and his home never was in the city of Lancaster.

The court below (Hayes, president) charged the jury that the plaintiff could not recover. Verdict and judgment for defendant.

*Champneys,* for plaintiff in error, referred to the preamble of the act of 1721, relied upon by the defendant, in order to show that the evil intended to be remedied was the sale of liquor upon credit. A license is only granted for the sale of liquor, and the legislature only intended to prevent the abuse of the privilege. The act of the 11th of March 1834, sects. 22 and 23, is a legislative construction of the act of 1721. He cited Ogden *v.* Miller, 1 *P. A. Brown's Rep.* 147.

*Norris,* for defendant, cited the act of 1721, 1 *Smith's Laws* 126; and relied upon its positive provisions, barring an action for liquors retailed, or other expenses above twenty shillings. A demand prohibited by a statute cannot be recovered. Yundt *v.* Roberts, 5 *Serg. & Rawle* 139.

The opinion of the Court was delivered by

HUSTON, J.—This was a suit to recover what were strictly tavern reckonings, charged from 1817 to 1830, though in some years there was no charge, and in others only one during the year. The principal amount was charged before 1820, and after 1828. There were, in the account, charges for sums of money, and assumptions for third persons, of which the book of Jacob Duchman was no evidence. The items were partly for liquors, partly for meals of victuals, and lodging. I mean that each separate charge in the books was partly for liquor, and partly for food, lodging, or keeping the defendant's horse.

So long ago as the 26th of August 1721, an act of assembly of this (then) province was passed; the 3d section of which enacts as follows: "No person or persons keeping a public house or inn, shall trust or give credit to any person whomsoever for liquors, or any other inn or tavern reckonings, in any sum exceeding 20 shillings, under the penalty of forfeiting and losing such debt."

And the 5th section provides, that "if any person or persons keeping a public house or inn, or retailing liquors as aforesaid in this province, shall trust or credit any person, for liquors retailed, or other expenses above 20 shillings as aforesaid, or shall presume to sue any such person, or shall arrest, &c., &c., all such actions and suits shall abate, and the person sued, shall, and may plead this act in bar, and the plaintiff in such suit shall become nonsuit and pay double charges."

It is true we have not many cases on this act; such have frequently occurred in the common pleas, but the act has been considered too plain and positive to admit of a doubt. In one case, Yundt *v.* Roberts, 5 *Serg. & Rawle* 141, the tavern keeper had got a note from his customer, in which his tavern bills were blended with some other matters: this court held the note good in part, but that the debtor's having given a note for his tavern bills, did not take the case out of this act.

[Duchman v. Hagerty.]

In the case in 1 *Brown's Rep.* Judge Rush is made to take a distinction between a poor man tippling about a tavern, and a man of property and character, who runs up a bill for tavern expenses. The act makes no such distinction. Some have supposed, that charges for food and lodging are not within the act. The words include them, and a tavern-keeper who will give food and lodging to a neighbour, to keep him from going home, is no better than one who continues furnishing liquor. I believe it has never been supposed, that a tavern-keeper gives trust or credit for what is used at one time; for paying before you eat or drink is not known. So a lawyer, juror, or witness bound to attend court for a week, is not considered as obtaining trust or credit until his week is expired, and he goes without paying.

The present case, however, is within the letter and spirit of the act. Neither the judge of the district court, or this court could give judgment for the plaintiff, without totally disregarding the act of assembly.

Judgment affirmed.