DANIEL D. WARREN *vs.* WILLIAM CHAPMAN.

A promissory note, given for the consideration that the payee will pay a debt, part of which is for intoxicating liquors illegally sold, due from the maker to a firm of which the payee is a member, is void.

It is no defence to an action on a note given in part payment of an account, that part of the account is for goods sold in violation of law, if the amount of the items for goods lawfully sold exceeds the amount of the note.

CONTRACT on a promissory note for $500 made by the defendant, payable to the plaintiff or order.

At the trial in the superior court, before *Devens*, J., it appeared that the plaintiff and the firm of King & Harding were doing business as grocers under the firm name of D. D. Warren & Company, and that at the date of the note the defendant was indebted to the firm of D. D. Warren & Company for goods to the amount of $562.85.

The plaintiff introduced evidence tending to show " that the consideration of the note was an agreement on the part of the plaintiff, acting in his individual capacity, to assume and pay for the defendant the amount for which the note was given on the account which D. D. Warren & Company held against the defendant; that the note was given to him for and on account of said agreement, and that he fulfilled said agreement, and paid for

the defendant to the firm of D. D. Warren & Company the amount named in the note."

The defendant introduced evidence tending to show that part of the account that made the consideration of the note was for intoxicating liquors, sold to him by the firm of D. D. Warren & Company in violation of law.

The judge instructed the jury, " that if the note was made to the plaintiff upon the consideration of an agreement that the plaintiff would pay a certain debt due from the defendant, a part of which was for intoxicating liquors sold in violation of law, and the plaintiff did pay such debt, such agreement and payment would be a sufficient consideration for the note." The verdict was for the plaintiff, and the defendant alleged exceptions.

*W. Chapman*, pro se.

*M. P. Knowlton*, for the plaintiff.

CHAPMAN, C. J. The jury were instructed that if the note upon which the action is brought " was made to the plaintiff upon the consideration of an agreement that the plaintiff would pay a certain debt due from the defendant, a part of which was for intoxicating liquors sold in violation of law, and the plaintiff did pay such debt, such agreement and payment would be a sufficient consideration for the note."

But it appears that the debt was due to the plaintiff and his two copartners ; and if it was for liquor sold in violation of law, he was an original offender ; a part of the consideration of the note was his share of the debt. The whole of the note was tainted with this illegality, and is void. *Brigham* v. *Potter*, 14 Gray, 522. *Baker* v. *Collins*, 9 Allen, 253.

*Exceptions sustained.*

After this decision, a new trial was had in the superior court, before *Rockwell*, J., and it then appeared that of the sum of $562.85, due from the defendant to the firm of D. D. Warren & Company at the date of the note, $504.10 were made up of items for goods lawfully sold, and $58.75 of separate items for liquors sold in violation of law.

There was evidence tending to show that the consideration of the note was the agreement of the plaintiff to assume and pay for the defendant the sum of $500 on account of D. D. Warren & Company. There was other evidence tending to show that the note was given to the plaintiff, acting for the firm of D. D. Warren & Company, under an agreement that the proceeds thereof should be applied by him on the account of the firm against the defendant. There was no evidence, other than as above, of any agreement for the application of the note or the proceeds thereof, or of the money to be paid by the plaintiff. The judge ruled that there was no evidence in the case upon which the jury could properly find a verdict for the plaintiff, and directed a verdict for the defendant, which was returned; and the plaintiff alleged exceptions, which were argued at September term 1871.

*M. P. Knowlton,* (*G. M. Stearns* with him,) for the plaintiff.

*W. Chapman, pro se.*

MORTON, J. When this case was before the court at a former term, it appeared, for the purposes of that hearing, that a part of the original consideration of the note in suit was a debt due for intoxicating liquors sold in violation of law; and it was held that the note, though made payable to one of the firm to whom the original debt was due, was tainted with the illegality of the original consideration, and void. But the facts presented in this bill of exceptions are different.

It now appears, that at the time of giving the note the defendant owed the firm of D. D. Warren & Company a balance of account amounting to $562.85, of which $58.75 were for liquors unlawfully sold, and $504.10 were for goods lawfully sold. Treating the note as open to the same defences as if it had been given and made payable directly to D. D. Warren & Company, we are not able to see any defence to it upon these facts. They had a lawful account against the defendant upon which they were entitled to recover an amount larger than the note. If the defendant had paid them $500 on account, they would have no right to apply it to the items illegally sold and recover for the balance, but the law would appropriate the payment to the lawful items of the account. *Haynes* v. *Nie*, 100 Mass. 327. *Rohan* v. *Hanson,* 11

Cush. 44. The same principle applies to a payment by note. The note was *primâ facie* payment of the account *pro tanto.* The creditor had no right to apply the note to the extinguishment of the unlawful items. When the note was given, the law applied it to the items of the account lawfully sold. These, therefore, formed the consideration of the note. It follows, that the note was founded upon a good consideration and was not tainted with illegality, and the ruling of the learned judge who presided at the trial, directing a verdict for the defendant, was erroneous. *Exceptions sustained.*