## John McGuinness *vs.* John Bligh.

Gen. Stat. R. I. cap. 79, § 54, provide that "all payments or compensations for liquors sold in violation of law, whether in money, labor, or personal property, shall be held and considered, as between the parties to such sale, to have been received in violation of law, without consideration, and against equity and good conscience." With this law in force, A. agrees to purchase of B. a half interest in a business and stock in trade, a portion of which consists of liquor illegally kept for sale, and transfers a promissory note for $450 in part payment. A. afterwards repudiates the arrangement and brings suit for the value of the note.

*Held*, that A. can recover so much of the value of the note as may have been paid for liquor illegally kept for sale, the proportion to be recovered as paid for liquor to be determined by finding the proportional value of the liquor as compared with the rest of the purchase.

Imported liquors remaining in the original packages are not excepted from Gen. Stat. R. I. cap. 79, nor are they protected by United States law from the action of this statute, after such liquors have passed out of the hands of the importer.

Assumpsit. Heard by the court, jury trial being waived.

*December* 26, 1874. Durfee, J. This is an action to recover the value of a promissory note for $450, payable to the plaintiff's order, and by him indorsed and delivered to the defendant under the following circumstances: On the 29th April, 1873, the plaintiff had an interview with the defendant at his store on Eddy Street, in the city of Providence, where the defendant was carrying on a business which partly consisted of a traffic in liquor, sold

in violation of law.   The plaintiff agreed to purchase a half interest in the business, and in the lease, stock, and fixtures.   A part of .the stock was liquor, illegally kept for sale.   The plaintiff agreed to give the defendant $1,250, and left with him the note above mentioned.   The plaintiff testifies that he left the note with the defendant as security for the performance of the contract on his part.   The defendant testifies that it was given to him to bind the bargain as part payment, and that it was expressly agreed that the note should be forfeited if the balance was not paid in the course of the week.   A receipt given by the defendant at the time states that the note was received in consideration of the sale, leaving a balance of $800, to be subsequently paid.   We think we must regard the note as given in part payment.   The plaintiff, however, concluded not to carry out the agreement, and, a day or two afterwards, notified the defendant of his conclusion, and demanded a return of the note.   The defendant refused to return the note, — he had, in fact, already sold it.   The ground of the plaintiff's refusal to carry out the agreement was that the business designed to be carried on was illegal. There is no evidence, however, which satisfies us that the plaintiff was under any misapprehension as to the illegal character of the business when he agreed to buy a half interest in it, or that there was any fraud such as would vitiate the contract.   The case raises the question whether a person who buys into a business, the stock of which he knows consists in part of liquor illegally kept for sale, and makes part payment therefor, is entitled afterwards, upon refusing to complete the purchase, to recover back what he has already paid.

The plaintiff does not claim he would be entitled to recover if there were no illegality in the contract.   He does not claim he would be entitled to recover because of the illegality independently of the statute.   He claims under the General Statutes R. I. cap. 79, § 54.   Section 54 provides that " all payments or compensations for liquors sold in violation of law, whether in money, labor, or personal property, shall be held and considered, as between the parties to such sale, to have been received in violation of law, without consideration, and against equity and good conscience."   We should have no difficulty in giving the plaintiff judgment under this provision if the note had been given solely

for liquors illegally sold. The difficulty of the case arises from the fact that only an uncertain portion of the purchase on account of which the note was given was liquors illegally sold. The plaintiff contends that the illegality of a part taints the whole of the sale, and that therefore he is entitled to recover the whole of the payment. The statute, however, does not so provide. The payment is recoverable under the statute only as a payment for liquors illegally sold. It is true, if the defendant were suing the plaintiff for not fulfilling his contract, the partial illegality of the contract would be a good defence. But this is so not by virtue of the statute but at common law, which refuses its assistance to either party to an illegal contract, where both have participated in the illegality. The question here is purely a question as to the construction of the statute. If the contract had been carried out by both parties, could the plaintiff keep the property and reclaim the consideration paid for it, because some part of the property was liquor illegally sold? The court would not, without strict necessity, construe the statute so as to sanction such an injustice. Nothing in the language of the statute calls for such a construction. But if the entire payment would not be recoverable in case the property had passed, why should a partial payment on account be recoverable when the property has not passed, — when it has not passed simply because the plaintiff refused to complete the payment? In either case, in our opinion, the provision of the statute applies to the payment only in so far as it is a payment for liquors illegally sold.

The plaintiff cites several cases in support of his right to recover. The cases cited are mostly cases of liquors sold and delivered, but not paid for, and therefore did not involve the right of a purchaser to recover back a payment already made. The case most nearly in point is *Warren* v. *Chapman,* 105 Mass. 87. That was an action on a promissory note for $500 given by the defendant to the plaintiff. The consideration was a promise on the part of the plaintiff to pay $500 on an account held by a firm of which he was a member against the defendant. The account was for $562.85, of which $58.75 was for liquors unlawfully sold, and $504.10 for goods lawfully sold. The payment on account had been made. The defendant contested the note as invalid because the consideration was an agreement to pay a

debt incurred in part for liquor illegally sold. The court however held the note to be valid, because the lawful items of the account to which the payment was first to be applied exceeded $500. The case is rather against the plaintiff than in his favor.

The defendant contends that the case at bar is not within the statute, inasmuch as the statute applies to liquors sold, and here there was no sale because no delivery. We do not incline to that view. The statute provides that the money received for liquors illegally sold shall be held to have been received without consideration, and against equity and good conscience. But if the liquors themselves when delivered are no consideration, and it is against equity and good conscience to take pay for them, can a mere agreement for their delivery be a consideration so that it will be according to equity and good conscience to take pay for them? We think not. If the liquors when sold are no consideration, they are, by implication at least, no consideration when simply agreed to be sold.

We think the plaintiff is entitled to recover so much of the value of the note in suit as may be considered to have been received on account of liquors in the defendant's store illegally kept for sale.

The defendant claims that a portion of the liquors, being imported liquors in the original packages, were not illegally held for sale. The statute in force in April, 1873 (Gen. Stat. R. I. cap. 79), contained no saving in favor of such liquors, and such liquors are not protected under the laws of the United States, as we understand the decision of the Supreme Court of the United States, after they have passed out of the hands of the importer. *License Cases,* 5 How. U. S. 504.

We think the plaintiff is entitled to recover so much of the note as may be considered to have been received for liquors; and, the note having been received generally on account, the proportion to be recovered as paid for liquors is to be determined by finding the proportional value of the liquors as compared with the rest of the purchase.

We give the plaintiff judgment for $249.75, the amount being fixed by the consent of the parties.

*Charles H. Parkhurst,* for plaintiff.

*James M. Ripley,* for defendant.