## J. R. COTTEN v. H. H. MCKENZIE.

1. PROMISSORY NOTE. *Considerations. Illegality of one of several.*
   A promissory note given for goods and spirituous liquors sold by a licensed vendor in less quantities than one gallon, being, under Code 1871, § 2464, for an illegal consideration as to the liquor, is void in whole. CHALMERS, J., doubted.

2. SAME. *Action for the legal debts. Not affected by illegal note.*
   The invalidity of the note does not, however, affect the payee's right to recover the price of the goods, in an action properly instituted for that purpose, and under appropriate pleadings.

3. CONTRACT. *Several considerations. Illegality. Insufficiency.*
   A distinction exists between want or insufficiency of consideration and illegality. An entire contract based on several considerations will be upheld if one is sufficient, although the others are insufficient, but if one of them is illegal, the whole contract is void.

ERROR to the Circuit Court of Pike County.

Hon. J. B. CHRISMAN, Judge.

This suit was upon the promissory note of the plaintiff in error to the defendant in error, on which judgment was rendered in favor of the latter. The consideration of the note was a running account including family supplies and various items of vinous and spirituous liquors, in less quantities than one gallon, sold on credit to the former by the latter, who was licensed to sell such liquors at retail. The court charged the jury to find for the plaintiff the amount of the note less the sum due for the liquors.

*Cassedy & Stockdale*, for the plaintiff in error.

The public policy embodied in Code 1857, p. 199, art. 13 ;

Code 1871, § 2464, is against the sale at retail of intoxicating drinks on a credit, and the penalty attached to its violation affects the cupidity which induces the traffic. A provision in a statute declaring that the doing of an act shall be visited by a prescribed penalty is equivalent to an announcement that such act shall be illegal. *Gregory* v. *Wilson*, 36 N. J. 315. The consideration being illegal in part, the note is void *in toto*. *Widoe* v. *Webb*, 20 Ohio St. 431; *Bank of Newberry* v. *Stegall*, 41 Miss. 142.

*J. C. Lamkin*, for the defendant in error.

The laws of Ohio and New Jersey prohibit the sale of liquors and make the act a crime, while in this State the sale is lawful, but, by the statute, the seller may lose the debt. The cases cited by opposing counsel are, therefore, inapplicable to this case, which is not one in which the consideration for the note is illegal. Part of the consideration for the note was valid, the other part was not illegal, but void. The concurrent doctrine of the text-books on the law of contracts is, that if one of two considerations be void merely, the other will support the promise. *Widoe* v. *Webb*, 20 Ohio St. 431.

CAMPBELL, J., delivered the opinion of the court.

The doctrine deducible from the multitude of authorities, which we have examined, as applicable to the main question in this case, is that if a contract is based on several considerations, some of which are merely *insufficient* and not *illegal*, it is not void, but may be upheld by the consideration which is sufficient; but that, if one of several considerations of an entire contract, as a note is, be *illegal*, the whole contract is void. 1 Parsons on Contracts, 455, 457; Metcalf on Contracts, 216, 246; 1 Daniel Neg. Inst. § 204; 1 Parsons on Notes and Bills, 217; 1 Chitty Pl. 295; *Widoe* v. *Webb*, 20 Ohio St. 431, and authorities cited; *Featherston* v. *Hutchinson*, Cro. Eliz. 199; *Shackell* v. *Rosier*, 2 Bing. N. C. 634; *Scott* v. *Gillmore*, 3 Taunt. 226; *Bradburne* v. *Bradburne*, Cro. Eliz. 149; *Coulston* v. *Carr*, Cro. Eliz. 847; *Crisp* v. *Gamel*, Cro. Jam. 128; *Robinson* v. *Bland*, 2 Burr. 1077; *Jones* v. *Waite*, 5 Bing. N. C. 341; *King* v. *Sears*, 2 Cromp. M. & R. 48; *Deering* v. *Chapman*, 22 Maine, 488; *Donallen* v. *Lennox*, 6 Dana, 89;

_Brown_ v. _Langford_, 3 Bibb, 497 ; _Collins_ v. _Merrell_, 2 Met. (Ky.) 163 ; _Saratoga Bank_ v. _King_, 44 N. Y. 87 ; _Pettit_ v. _Pettit_, 32 Ala. 288 ; _Wynne_ v. _Whisenant_, 37 Ala. 46 ; _Clark_ v. _Ricker_, 14 N. H. 44; _Carleton_ v. _Whitcher_, 5 N. H. 196 ; _Hinds_ v. _Chamberlin_, 6 N. H. 225 ; _Barton_ v. _Port Jackson Plank Road Co._, 17 Barb. 397 ; _Woodruff_ v. _Hinman_, 11 Vt. 592 ; _Valentine_ v. _Stewart_, 15 Cal. 387 ; _Bliss_ v. _Negus_, 8 Mass. 46 ; _Kimbrough_ v. _Lane_, 11 Bush, 556 ; _Bixby_ v. _Moor_, 51 N. H. 402 ; _Carleton_ v. _Woods_, 28 N. H. 290 ; _Collins_ v. _Blantern_, 1 Smith's Lead. Cas. 489 ; _Warren_ v. _Chapman_, 105 Mass. 87 ; _Crawford_ v. _Morrell_, 8 Johns. 253.

In _Coulter_ v. _Robertson_, 14 S. & M. 18, the court said, " The distinction between a mere failure or want of consideration and its illegality is obvious. The principle which recognizes the distinction is founded in public policy." In _Shackell_ v. _Rosier_, 2 Bing. N. C. 634, Tindal, C. J., said, " When a promise rests on two considerations, one of which is impossible or unintelligible, you may reject the impossible or unintelligible, and resort to that which is possible and plain. But all the books take a distinction as to the case where part of the consideration is illegal." In _Collins_ v. _Blantern_, 1 Smith's Lead. Cas. 502, it is said, " Though the illegality of one of the considerations vitiates the contract, yet it is otherwise, if one or more of them be merely void or nugatory, as, for instance, a promise by a man to pay his own just debts ; for then the void consideration is a nullity, and the others which remain support the contract."

This distinction will be found to pervade the adjudged cases and the text-books on this subject. The question is, What renders a consideration _illegal_ in a sense which will annul a contract resting partly upon it ? Upon this question the books do not furnish a clear light, and we are driven to the necessity of gathering their scattered rays. In _Bradburne_ v. _Bradburne_, Cro. Eliz. 149, the court held that, " where there are divers considerations alleged by the plaintiff, and some are _frivolous and void_, yet if any of them be good, the plaintiff shall recover," and in _Coulston_ v. _Carr_, Id. 847, it was " agreed that, if two or three considerations be alleged in a declaration, and there be one of them sufficient, although the others be

insufficient, in matter or form, yet the one being sufficient, it is well enough." In *Crisp* v. *Gamel*, Cro. Jam. 128, it was resolved, " That where, in an assumpsit, two considerations be alleged, the one good and sufficient, and the other *idle* and *vain*, if that which is good be proved, it sufficeth." In *Featherston* v. *Hutchinson, ubi supra*, a distinction was taken between the *illegality* and the mere *insufficiency* of one of two considerations. In *Robinson* v. *Bland, ubi supra*, the bill of exchange sued on was held to be void, because it was given partly for an *illegal* consideration, *i.e.*, money won at play, and a recovery was had on the count for money lent, that being the other consideration of the bill of exchange. A recovery on the writing was denied, because of the illegality of part of the consideration on which it was given, but the illegality of the *security* was held not to affect the claim for so much of the amount included in it as would have been recoverable, if the bill of exchange had not been executed. In *Scott* v. *Gillmore, ubi supra*, the bill of exchange sued on was given to the keeper of a coffee-house, in payment of a debt, part of which was for spirits furnished by the payee in small quantities, not amounting to twenty shillings, at one time, when the Stat. 24 Geo. II, c. 40, § 12, declared that no one should maintain an action for the price of spirits furnished in such small quantities. It did not declare, in terms, that any security for such price should be void. It was held, that the consideration was illegal, and the whole bill of exchange was void, because given for this illegal consideration in part. In *King* v. *Sears, ubi supra*, one of the considerations was rejected as surplusage, because it was insufficient, *i. e.*, was no consideration. In *Deering* v. *Chapman, ubi supra*, the illegality of one of the considerations, which rendered the note void, was a sale of liquor in violation of statute. In *Carleton* v. *Whitcher, Hinds* v. *Chamberlin, Brown* v. *Langford, Kimbrough* v. *Lane, Saratoga Bank* v. *King, Bliss* v. *Negus, Woodruff* v. *Hinman, Valentine* v. *Stewart*, and other cases cited above, the illegality of some of the considerations consisted in their being either against good morals or in contravention of public policy, as fixed by common law or some statute. " If any part, however small, of the entire consideration of a contract be vicious,

the whole contract is void " is language used in the opinion of the court in *Kimbrough* v. *Lane*, *ubi supra*. Similar language is found in the opinion in *Brown* v. *Langford*, cited above. " Contracts are illegal, when founded on a consideration *contra bonos mores*, or against the principles of sound policy, or founded in fraud or in contravention of the positive provisions of some statute." 2 Kent Com. 466. Illegality may consist in the violation of some positive statute or in the violation of the laws of religion, morality, or decency, or in opposition to public policy. 1 Parsons on Notes and Bills, 213, *et seq.*

The case of *Yundt* v. *Roberts*, 5 Serg. & R. 139, is in direct conflict with *Scott* v. *Gillmore*, 3 Taunt. 226, cited above, and upon a similar state of facts and law, but while disregarding the rule announced in the latter case, the opinion contains a distinct recognition of it, as being correct. In *Yundt* v. *Roberts*, there was a failure to observe the distinction between the *security*, which was illegal, on the principle, announced by the court, and the several debts, to evidence which it was given. In the opinion it is said, " If a statute declares any security taken for a matter prohibited shall be void, and an action is brought on a security taken for that which is unlawful, but is blended with that which is lawful, the whole security is void, because the letter of the statute makes it void, and is a strict law." There were five notes sued on, and it was admissible to refer the lawful consideration to such of the notes as together did not exceed its amount, and uphold them, upon the principle announced in *Warren* v. *Chapman*, 105 Mass. 87. The notes were separable, and on that view the case is reconcilable with the authorities generally. But in any other view, it is opposed to them, and is unsatisfactory. In *Barton* v. *Port Jackson Plank Road Co.*, *ubi supra*, the consideration, which was held to make void the whole contract, was within the prohibition of a statute, which simply prohibited the thing, and did not make it void in terms, or impose a penalty. So in *Scott* v. *Gillmore*, cited above, the statute did not, in terms, avoid the security, but it was held that the security was illegal. In *Collins* v. *Merrell*, 2 Met. (Ky.) 163, the note was partly for money lent, for the purpose of gaming. The statute declared such contract void, and the whole note was held to be void.

There is some confusion among the reported cases, bearing on this question, arising from a failure to observe the distinction between want or failure of consideration, and illegality of part of the considerations of a contract. *Frazier* v. *Thompson,* 2 Watts & Serg. 235, is a striking example of this class of cases. It involved a question of want or failure of consideration, as to part of the sum for which the note sued on was given, and strangely enough *Yundt* v. *Roberts,* cited above, was referred to in support of the availability of the defence of partial want or failure of consideration. *Hynds* v. *Hays,* 25 Ind. 31, if not to be considered as dealing with partial want or failure of consideration, must be pronounced to be opposed to the current of English and American authorities. The distinction is between mere insufficiency or no consideration, and that which the common law or a statute denounces as not a lawful one; between what is *vain* or *idle* or *frivolous,* and what is *vicious,* as indicated by the common law or a statute; between what the law regards as no consideration, and what it will not permit to serve as such, because of its vicious qualities.

But while recovery cannot be had on the *security* thus infected, a recovery may be had, under proper pleadings, on so much of the consideration for which the note was given, as without it was recoverable. The illegal note has no effect on the valid dues embraced in it. They are as if the note had not been given. 1 Parsons on Notes and Bills, 217; 1 Daniel on Neg. Inst. § 204; *Robinson* v. *Bland,* 2 Burr. 1077; *Carleton* v. *Woods,* 28 N. H. 290. The note sued on in this action was given in liquidation of open accounts for goods sold by the payee to the maker. The payee was a licensed retailer of vinous and spirituous liquors. Among these accounts were many items for vinous or spirituous liquors sold in less quantities than a gallon, on credit. The statute declares that if any person licensed to retail vinous and spirituous liquors "shall trust or give credit to any person, for vinous or spirituous liquors, sold in less quantities than a gallon, he shall lose the debt, and be for ever disabled from recovering the same, or any part thereof; and all notes or securities given therefor, under whatever pretence, shall be

void." Code of 1857, p. 199, art. 13 ; Code of 1871, § 2464. To the extent that the note was given for the vinous or spirituous liquors sold on trust or credit, the statute makes it void ; and being thereby rendered illegal, in part, it is void in whole, and cannot be enforced. The invalidity of the note did not affect what the payee had the right to recover without the note. But the only question now presented is the right to recover on the note, and that we answer in the negative.

*Judgment reversed and cause remanded for a new trial.*

CHALMERS, J., delivered the following opinion.

I cannot say that I dissent from the foregoing opinion, and yet I can hardly say that I am satisfied of its correctness. If the selling of liquors by a licensed retailer on a credit was made unlawful or prohibited by statute, the result reached would undoubtedly be correct, because in such case the illegal consideration embodied in the note would so vitiate it as to render a recovery even of the valid portion impossible, but the statute does not prohibit the selling of liquor on a credit, nor make it unlawful. It simply declares that the price shall not be recoverable by law, and that all securities given for it shall be void, meaning thereby, as I am inclined to think, that they shall be treated as without consideration and on that account void. A note given for a consideration partly good and partly nugatory is recoverable to the extent of the good consideration, if the two can be separated, and such, it would seem, should be the determination of this case, but the weight of authority elsewhere is so heavy and the convictions of my colleagues so strong that I content myself with throwing out this expression of my doubts. Those doubts are so serious that I cannot do less.