C. F. CARRADINE ET AL. *v.* G. A. WILSON.

1. PROMISSORY NOTE.  *Consideration.  Part illegal.  Case in judgment.*
   Two notes were executed to cover a debt, part of which was unlawful, each note being for a greater ,amount than the illegal consideration.  *Held,* that the holder could apply the unlawful consideration to one of the notes and recover on the other.  *Cotten* v. *McKenzie,* 57 Miss. 418, cited.

2. SAME.  *Mortgage.  Several notes.*
   A mortgage given to secure two promissory notes, the consideration of one being illegal, can be enforced for the payment of the note on which a recovery could be had at law.

APPEAL from the Chancery Court of Holmes County.

HON. R. W. WILLIAMSON, Chancellor.

S. G. Carradine traded with Dunn & Co., general merchants, and became indebted to them in the sum of eight hundred and twenty-one dollars.  About three hundred dollars of this indebtedness was for vinous and spirituous liquors sold by Dunn & Co. to Carradine at various times in quantities less than one gallon.  In order to secure Dunn & Co. for the above indebtedness, Carradine executed two promissory notes for four hundred and ten dollars each, and gave a deed of trust to secure both the notes upon a tract of land owned by his wife, who joined in the deed.  The

notes were not paid at maturity, and Carradine and wife filed a bill to enjoin the sale of the land under the trust deed upon the ground, among others, that the consideration of the notes being in part for liquor illegally sold, the deed of trust was not enforceable. Upon final hearing the Chancellor decreed that it appearing that the consideration of one of the notes was illegal, as to the other the injunction should be dissolved and the land sold to pay it. From this decree Carradine and wife appeal.

*C. V. Gwin,* for the appellant.

In *Cotten* v. *McKenzie,* 57 Miss. 418, it is held that where *an entire* contract is based upon several considerations one of which *is illegal* the whole contract is void; or where a part of the consideration of an entire contract is illegal the whole contract *is void,* and I am unable to discover the distinction between that case and this. In both cases the original dealings between the parties, a part of which in both cases is illegal, is the consideration for the respective entire contracts—the note and the trust deed. In that case the illegal part of the consideration for the note was separable and was in fact, by proof, separated from the good. The exact amount of the *illegal* consideration was separated from the good, and the jury instructed to find for so much of the note as was based upon a good consideration. In this case there was an open account of a pre-existing indebtedness, the total of which amounted to eight hundred and twenty-one dollars and twenty-nine cents. It was cut in two equal parts; a note payable January 1, 1882, was given for one of these parts, four hundred and ten dollars and sixty-four cents, and another note, payable January 1, 1883, was given for the other part, four hundred and ten dollars and sixty-four cents. Of the total amount of eight hundred and twenty-one dollars and twenty-nine cents, the sum of three hundred dollars was for liquor sold in quantities less than one gallon. Was this three hundred dollars wholly embraced in either note, and was the other note free from the taint of illegality? If so, which of the notes? But it is wholly immaterial whether the whole of this three hundred dollars is embraced in and constitutes a part of the consideration of only one of the notes, leaving the other free from

the taint of illegality.   Still these two notes constitute the whole consideration of the trust deed, and this trust deed being an *entire* contract, and a part of the consideration upon which it rests being illegal, the trust deed is void *in toto* and cannot be enforced for any part of the debt secured by it.   The case of *Cotten* v. *McKenzie* is so thoroughly considered, and the examination and criticism of cases bearing on this point was so exhaustive, that it is only required to call the attention of the court to that case.   The trust deed stands as if it had been given directly to secure the original entire debt.   The promissory notes are mere evidence of the debt. Whatever form the evidence may assume, whether an open account, an account stated, a note or many notes, is nothing, is a shadow. The consideration is the substance.   The debt, not the evidence of it, is the consideration.   On the authority of Jones on Mortgages, Vol. I, § 620, citing *Feldman* v. *Gamble*, 26 N. J. (Eq.) 494; *Williams* v. *Fitzhugh*, 37 N. Y. 444; *McCreary* v. *Alden*, 46 Barb. 272 ; *Cook* v. *Barnes*, 36 N. Y. 520, and *Carleton* v. *Woods*, 28 N. H. 290.

*Hooker & Wilson*, for the appellee.

First.  Were both of the notes or either of them valid?

Second.  Was the mortgage or deed of trust valid as a security for them or either of them ?

The lower court held that one of the notes was valid, and that the deed of trust was a security for its payment.

1. As to the first question, we think this court is committed in *Cotten* v. *McKenzie*, 57 Miss. 418, to the proposition that the whisky sold being of *less amount* than *either* of the *notes,* the appellees could refer it to the consideration of *either* of said notes and could recover upon the other.   In commenting upon *Zundt* v. *Roberts*, 5 Serg. & R. 139, this court say, " that there were five notes sued on, and it was admissible to refer the lawful consideration to such of the notes as together did not exceed its amount, and uphold them upon the principle announced in *Warren* v. *Shopman*, 105 Mass. 87.   The notes were separable, and on that view the case is *reconcilable with the authorities generally.*"   This doctrine was expressly recognized in *Crookshank* v. *Rose*, 5 C. & P. 19 ; Benjamin on Sales, Vol. II, 683.

2. Does the fact that the deed of trust secures an invalid note as well as a valid note render it void as a security for the valid note? Is the *consideration* of the mortgage an *entirety*, or is it upon its face separable? We take it to be that the deed of trust is good as to one of the notes, as it is separable and distinct from the other. The authorities hold that when there are two considerations to a contract, one illegal and one good, and they are distinct and separable, it can be enforced for that which is good. In Jones on Mortgages, § 620, Vol. I, it is said " when the consideration of a mortgage is made up of several distinct transactions, some of which are legal and some of which are not legal, the mortgage may be upheld for such part of the consideration as was free from the taint of immorality," and see also Wait's Actions and Defenses, Vol. IV, 554; Ib., Vol. VII, 66 and 67; Benjamin on Sales, § 789, note 4; Story on Contracts, § 627; Addison on Contracts, § 299. It was formerly supposed that when a deed is void in part by reason of the statute it is void altogether. " When you cannot sever the illegal from the legal part of the contract, the contract is altogether void; but when you can sever them whether the illegality be by virtue of the statute or by the common law, you may reject the bad part and retain the good." Per Willis, J., in *Pickering* v. *Ilfracombe Ry. Co.*, L. R. 3 C. P. 250; *United States* v. *Bradley*, 10 Peters 343; *Hynds* v. *Hays*, 25 Ind. 31–39; *State* v. *Findey*, 10 Ohio 51; 41 Amer. Rep. (54 Vt. 155) 837; 1 Wallace 221; 3 Conn. 19; *Odessa Tramway Co.* v. *Mendel*, L. R. 8 Ch. Div. 235. The considerations of the mortgages were distinct and separable, to wit: Two notes, one of which was void, and the other good, and the mortgage was no more an entire contract than the " indenture," " bond," " marriage settlement," etc., etc., referred to in the text-books. Such is the doctrine of the text-books, and is supported by the authorities referred to in them. We submit that the lower court did follow the case of *Cotten* v. *McKenzie*, and that its decree was in accordance with the opinion of this court in that case and with the text-writers on this subject (Jones and Watts, Addison, Story, *et al.*), and the opinion of the Supreme Court of the United States (1 Wall. 221; 10 Peters 343), and the English courts,

and the leading courts of the various States, 54 Vt. 155 ; 26 N. J. Eq. 494, and other cases cited.

COOPER, J., delivered the opinion of the court.

Each of the notes executed by the appellants was for a sum greater than the amount due for liquors. The holder could therefore apply all the unlawful considerations to one of them and recover on the other. *Zundt* v. *Roberts*, 5 Serg. & Rawle 139 ; *Warren* v. *Chapman*, 105 Mass. 87; *Crookshank* v. *Rose*, 5 C. & P. 19. Cited and approved in *Cotten* v. *McKenzie*, 57 Miss. 418. The mortgage was given to secure each of the notes and may be enforced for the payment of that note on which a recovery could be had at law.