DIXIE RUBBER CO. *v.* CATOE *et al.**

(Division B. Nov. 22, 1926.   Suggestion of Error Overruled Jan. 3, 1927).

[110 So. 670.   No. 25864.]

1. LICENSES.   *Contracts for sale of stock by corporation not having permit required by state law held void.*

Contracts for sale of stock by corporation, which did not have permit for sale as required by state law, *held* unlawful and void and unenforceable.

2. CORPORATIONS.   *Corporation cannot recover on bond for repayment of commissions withheld by stock sales agent under illegal contract.*

Where contract to pay commission on stock sales was in violation of law, corporation cannot recover on bond for repayment of commissions withheld by sales agent in accordance with such contract.

3. CONTRACTS.   *Illegality of partial consideration taints full consideration therewith.*

Where partial consideration for bond was illegal, full consideration is tainted with illegality.

*Corpus Juris-Cyc. References: Contracts, 13CJ, p. 513, n. 40; p. 514, n. 43; Licenses, 37CJ, p. 270, n. 40; p. 271, n. 49; p. 277, n. 43; p. 278, n. 61 New.

APPEAL from circuit court of First district, Hinds county.

HON. W. H. POTTER, Judge.

Action by the Dixie Rubber Company against E. V. Catoe and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*J. C. Street,* and *Gardner, Odom & Gardner,* for appellant.

The defenses sought to be interposed are absolutely without any merit. The first defense, that the Dixie Rubber Company did not qualify under the blue sky laws of Mississippi and Tennessee and for that reason violated the law, is without merit because these very defendants, as the proof shows, were at that time, at the time of the application both in Mississippi and in Tennessee, president, secretary and treasurer, and directors of the Dixie Rubber Company. If the proper license was not taken out, whose fault was it? They were in charge of the business and the law required them to attend to its business. If there was any failure to take out the proper license to do business in these states, and as a result Mr. Cadenhead sold stock in violation of the law, then these defendants, we submit, are the ones who should suffer and be made to pay the penalty and not the Dixie Rubber Company.

The defense of the failure to comply with the blue sky laws of Tennessee and Mississippi comes with poor grace, to say the least, from these defendants at this late day as a defense to this suit. The failure to comply with the law, if this is a defense, was due to their failure, their neglect, because they were in charge of the business and should have seen that the law was complied with, if it was necessary to do so. Are they to be permitted to take advantage of their own wrong, a maxim well recognized? We say not.

The question as to whether or not this contract was legal or illegal is not a factor in this case, and has no bearing whatever on the merits of this case, because the question of the illegality of this contract has no place or bearing whatever in this case. Mr. Cadenhead was an embezzler and as such executed this bond to cover his embezzlement, and these sureties, officers and directors of the company, knowing all about the condition

of the business, voluntarily signed this bond and guaranty, thereby making themselves responsible for this indebtedness, from which we can see no escape. *Portner* v. *Kirschner,* 69 Pa. St. 47, and 47 A. S. R. 925, covers our case like a blanket and gives a complete answer to every contention made by the defendants. See also R. C. L., page 997; *Bibb* v. *Hitchcock,* 49 Ala. 468, 20 Am. Rep. 288; *Cass County Bank* v. *Bricker,* 33 A. S. R. 649; *Johnston* v. *Allen,* 22 Fla. 224, 1 A. S. R. 180; *Barrett* v. *Weber,* 125 N. Y. 818, 31 Am. Dec. 603, 49 Am. Rep. 35 Am. Dec. 387.

*Forrest G. Cooper, Hays & Whitten* and *Gardner, Brown & Stingily,* for appellees.

I. The original contract was beyond all question void. Did these renewals and comprises change its character? The original contract being void, no valid agreement could be made to rest upon the same consideration. They are all valid so long as they can be traced back and made to depend upon the original illegal consideration. *Collins* v. *McCargo,* 6 S. & M. 128 at 134; *Adams* v. *Rowan,* 8 S. & M. 824; *Martin* v. *Terrell,* 12 S. & M. 575; *Kountz* v. *Price,* 40 Miss. 341; *Wooten* v. *Miller,* 7 S. & M. 380; *Torrey* v. *Grant,* 10 S. &. M. 89; *Coulter* v. *Robertson,* 14 S. & M. 18.

The consideration for the second contract being only the indebtedness incurred under the first contract, which was a contract to violate the law, the second contract is without consideration, and is void and unenforcible.

II. The proposition just discussed is very similar to the question herein involved. There the principle is placed on the idea that there is no valid consideration for the contract. Here the idea is that the original contract being a contract to violate the law, the evil of that contract was brought on down and into the new contract, so that it, too, is a contract to violate the law. *Collins* v. *McCarto,* 6 S. & M. 128.

III. The second contract, irrespective and independent of the first contract, is a contract made in violation of the criminal law for the reason that it is a contract to sell stock in the state of Mississippi at less than par, and a contract to sell stock on a changed plan without complying with the blue sky law. It, however, in addition, is a contract to pay twenty-five per cent commission on the first. five hundred thousand dollars of stock sold.

A contract which contemplates a violation of the criminal statute cannot be enforced in the state of Mississippi. *Woodson* v. *Hopkins,* 85 Miss. 177; *Mitchell* v. *Campbell,* 111 Miss. 806; *Town of Jackson* v. *Bowman,* 39 Miss. 671; *Wooton* v. *Miller,* 7 S. & M. 355; *Hoover* v. *Pierce,* 26 Miss. 627; *Black* v. *McMurray,* 56 Miss. 217; *Dean* v. *McClendon,* 30 Miss. 343.

Appellant concedes that a contract to violate the statute will not be enforced. But, the appellant says, these bondsmen are estopped to set up the viciousness of this contract and its consequent invalidity by reason of the fact that they were parties to it.

It is immaterial that the parties were *in pari delicto.* In such cases the court will not, whether the contract has been executed or not, interfere for the relief of either party, but will leave them in their respective conditions. Where the contract is executory, they will likewise refrain from lending aid to carry it into effect. *Woodson* v. *Hopkins,* 85 Miss. 126; *McWilliams* v. *Phillips,* 51 Miss. 196; *Lemorius* v. *Myer,* 71 Miss. 523; *Ballew* v. *Williams,* 109 Miss. 74.

"Even though a part of a contract be good and a part be bad, unless the good be wholly separated from the bad and wholly independent of it, the whole instrument is void." *Wilkinson* v. *Reilley,* 47 Miss. 306; *Cotton* v. *McKenzie,* 57 Miss. 418.

IV. The second contract was a contract to violate the law and is unforcible. Neither contract is enforcible

even against the principal, and if not against the principal, certainly not against his bondsmen, his sureties, his guarantors, or whatever they may be called. Of course, if the contract is illegal, forbearance, extension of time and none of the other considerations of this nature will give it any validity. *Lindsey* v. *Sellers,* 26 Miss. 169; *Newell* v. *Fisher,* 11 S. & M. 431.

In a few cases like *Gilliland* v. *Brown,* 43 Miss. 64; *Howell* v. *Jolly,* 68 Miss. 323; *Andrews* v. *Brewing Co.,* 74 Miss. 362, the court without overruling the rule well established even then, held that suit might be maintained to recover the proceeds of an executed contract. These cases, however, were overruled by *Woodson* v. *Hopkins,* 85 Miss. 171. Neither of the cases, it will be noted had overruled any former case. Their history is fully discussed in the Woodson case.

The judgment of the court below ought to be affirmed.

Argued orally by *T. K. Riddick* and *A. F. Gardner,* for appellant, and *Carl Stingily, Forrest G. Cooper,* and *Ed Franklin,* for appellee.

Anderson, J., delivered the opinion of the court.

Appellant, Dixie Rubber Company, a corporation, organized under the laws of Mississippi with its domicile in Memphis in the state of Tennessee, brought this action in the circuit court of the First district of Hinds county, against appellee L. C. Cadenhead and the other appellees, as sureties, to recover on a bond executed by appellees in favor of appellant for fifty-two thousand one hundred twenty-nine dollars and sixty cents. There was a trial on the pleadings and evidence, resulting in a directed verdict for appellees and a judgment accordingly, from which judgment appellant prosecutes this appeal.

We deem the following a sufficient statement of the case to develop the question which we decide, the deci-

sion of which question disposes of the appeal and renders it unnecessary to decide any other question in the case:

Appellant was incorporated under the laws of the state of Mississippi. It had its domicile and principal place of business in Memphis in the state of Tennessee. Appellant provided for the issuance of a large amount of stock, and entered into a contract with appellee Cadenhead, by which it agreed to give him the exclusive sale of its entire issue of stock, and pay him a commission therefor of twenty-five per cent. of the entire sales accepted and approved by the company, whether the purchasers thereof paid for the same or not. Putting it differently, by the terms of the contract appellant agreed that appellee Cadenhead should have the right to take out of all cash collections made by him for the sale of stock in the company, a sum equal to twenty-five per cent. of the aggregate amount of his stock sales. The contract was in writing. Appellee Cadenhead sold a large part of appellant's issue of stock, the most of which was sold in the states of Mississippi and Tennessee. Out of the collections on stock sold by him he retained, under his contract with appellant, in round figures, the sum of forty-four thousand dollars which represented alone his commissions of twenty-five per cent. on stock sold on which either no payments were made or not sufficient payments to cover his commissions. Appellant complied with neither the stock sales laws of Mississippi (Laws 1916, chapter 97) or Tennessee (Acts 1913, 1st Ex. Sess. chapter 31, as amended), commonly known as the Blue Sky Law. As stated, most of appellant's stock that was sold was sold in those states. Having failed to get permits to sell its stock in Mississippi and Tennessee, under the laws of those states appellant had no right to sell its stock in those states. Therefore, under the laws of both Mississippi and Tennessee, appellant's contracts for the sale of its stock in those states were unlawful and void, and therefore unenforce-

able. The contract between appellant and appellee Cadenhead, by which the latter received out of his cash collections twenty-five per cent. of the aggregate sum of his accepted stock sales, was violative of the Blue Sky Laws of both Mississippi and Tennessee.

After a large amount of the stock had been sold by appellee Cadenhead, the officers and directors who had conducted the affairs of the appellant from its organization up to that time went out of office and were succeeded by others who were managing the affairs of appellant at the time of the bringing of this action. The new management, on investigation, discovered that appellee Cadenhead had received in commissions under his contract with the company about forty-four thousand dollars, which represented his twenty-five per cent. commissions under the contract on stock sold by him, the sales of which were approved by appellant, on which either nothing had been paid or less than twenty-five per cent. In other words, they found that appellee Cadenhead had taken out of his cash sales of stock that amount of money he had no right to receive under the law, although entitled to it under his contract. Appellant demanded payment by appellee Cadenhead of that sum, and in addition other indebtedness claimed by it against appellee Cadenhead, making an aggregate of fifty-two thousand one hundred twenty-nine dollars and sixty cents, the amount sued for in this cause. Appellee Cadenhead, recognizing that the contract under which he received the forty-four thousand dollars commissions was illegal and void, agreed to pay to appellant that amount and the other amounts claimed by appellant against him, totaling the amount sued for in this case. After the ascertainment of the fifty-two thousand one hundred twenty-nine dollars and sixty cents thus made up, appellee Cadenhead entered into a bond with the other appellees as sureties, by which he agreed to pay appellant the said sum, on or before January 1, 1923. Appellee neither paid the said sum, nor any part there-

of. Appellant brought this action to recover the total penalty of the bond sued on, with interest.

Among the defenses made by appellees was that the consideration of the bond sued on was illegal under the laws of this state, and therefore the obligation of the bond was unenforceable in the courts of this state. This contention is based on these facts, which were undisputed: Appellant had no right to do business in either Mississippi or Tennessee where the larger part of its stock was sold by appellee Cadenhead. Appellant was an outlaw, at least, in those states. Under the laws of both of those states, appellant's contract with appellee Cadenhead, to pay him twenty-five per cent. commission on stock sales made by him, whether any cash payment was made on the stock or not, was violative of the laws of both Mississippi and Tennessee. Therefore, not only appellant's stock-selling business in Mississippi and Tennessee was carried on in violation of the laws of those states, but its contract with its stock salesman, appellee Cadenhead, was also violative of the laws of those states. Forty-four thousand dollars of the penalty of the bond sued on, therefore, represents illegal commissions received by appellee Cadenhead.

Appellees' position is that the obligation of the bond cannot be enforced because of the illegal contract by which appellee Cadenhead received the forty-four thousand dollar commissions. Appellees contend that appellant's claim of right to recover is based on that contract, that recovery cannot be had in this case except it be founded on that illegal contract, that the consideration of the bond sued on grew out of that illegal contract, and therefore there can be no recovery on the bond; while appellant's position is that the illegal contract is not the basis of its right to recover on the bond, and, to sustain that contention, appellant stresses the principle, which is undoubtedly sound, that an agent will not be heard to deny the title of his principal; that he will not be heard to claim that his principal received the money

which he is seeking to recover from his agent through an illegal transaction. Appellant cites, among other authorities, 21 R. C. L., p. 831, section 14, and *Robertson v. Country Club,* 212 Ala. 621, 103 So. 577, and relies specially on the Alabama case, which held that an officer of a corporation, receiving the funds of his company for stock sold, would not be permitted to set up the illegality of the stock sales of the corporation because of its failure to comply with the Blue Sky Law of Alabama (Acts of 1920, Sp. Sess. p. 60). The test whether or not there can be a recovery in this character of case depends on whether the plaintiff, in order to recover, must rely on the illegal contract. If the plaintiff cannot make out his case without proving and relying on the illegal contract, then he must fail. On the other hand, if the illegal contract is a mere incident in plaintiff's case, if plaintiff can make out his case without relying on and proving such contract, then he is entitled to recover, notwithstanding the illegality of the contract. In order for appellant to recover of appellee Cadenhead the forty-four thousand dollars what would it have been necessary for appellant to show? It seems plain that appellant would have been required to prove the contract between it and appellee Cadenhead, by which the latter received the commissions, and rely on its illegality under the law for its right to recover. The illegality of the contract would have been met at every turn in the case from start to finish; it could not have been put out of sight. It would have been the very life of the case. It could not have been shown, except by virtue of the contract itself, that appellee Cadenhead had the illegal commissions in his possession. And the only ground on which appellant could have claimed the right to recover the commissions would have been that the contract itself, by which the commissions had been paid, was illegal. Every move in the case would have depended on the illegal contract. So we are of opinion that, if appellant had sued appellee Cadenhead for the forty-four thousand dollars commis-

sions, there could have been no recovery because of the illegality of the contract by which the commissions had been paid and received.

It is argued, however, by appellant that the forty-four thousand dollars commissions did not render the whole consideration of the bond sued on illegal. The penalty of the bond, as stated, was made up of the forty-four thousand dollars commissions and other indebtedness claimed by appellant to be due it by appellee Cadenhead. The consideration for the bond so far as the forty-four thousand dollar commissions was concerned was illegal. Under the law that would render the whole consideration illegal. The commissions and the balance of the considerations of the bond cannot be separated. That part of the consideration of the contract which is illegal taints the whole consideration with illegality. *Cotton* v. *McKenzie,* 57 Miss. 418.

We do not think the principles of law invoked by appellant are applicable to the facts of this case. The Alabama case (*Robertson* v. *Country Club, supra*) was a very different case on its facts from the present case. There the officer of the corporation was sued for funds paid to his company for stock of the corporation. The corporation had not complied with the Blue Sky Law of Alabama. The officer defended on that ground. The funds sought to be recovered by the corporation were not funds which under its contract with the officer sued belonged to the latter. They were funds collected for the corporation and belonged to the corporation. The court held that the contracts with the stock subscribers were fully completed, and that the action against the officer to recover from him the proceeds of stock sales was independent of the contracts between the corporation and its stock purchasers, and that, in order to recover, it was not necessary for the corporation to rely on and prove the stock sales contracts between it and the subscribers to its stock. The present case is a suit for funds which,

under the contract between appellant and appellee Caden-head, the latter had the right to receive and retain; they were funds that did not belong to appellant.

*Affirmed.*