GULF REFINING CO. *et al. v.* CLEVELAND TRUST CO. *et al.*

(Division A. April 12, 1926. Suggestion of Error Overruled April 26, 1926.)

[108 So. 158. No. 25411.]

760

Percy Bell, of Greenville, for appellants.

Wynn & Hafter, of Greenville, for appellees.

Briefs of counsel not found.

Argued orally by Percy Bell, for appellants, and by William T. Wynn, for appellee.

Smith, C. J., delivered the opinion of the court.

The Cleveland Trust Company exhibited an original bill in the court below against the Greenville Gas Company, a corporation, and several of its creditors, setting forth a mortgage executed to it by the Greenville Gas Company and the breach thereof, and prayed for the foreclosure of the mortgage and for the appointment of a receiver. The appellants, who are among the creditor defendants to the bill, appeared and filed a crossbill setting up the debts due them by the gas company, and that they were incurred by the gas company in carrying on its business; that the mortgage "conveys the franchise and future earnings of the Greenville Gas Company, and therefore, under section 904 of the Annotated Code of 1906, or section 4076 of Hemingway's Code, said trust

deed and the claim of the Cleveland Trust Company is subordinate to the indebtedness owing these respondents, and is not valid against them; and that they are entitled to a payment in full of said indebtedness from the proceeds of any sales made of the property of the said Greenville Gas Company.''

From a decree sustaining a demurrer to this crossbill the appellants have brought the case to this court.

The record contains neither the original bill nor the charter of the Greenville Gas Company, because of a stipulation entered into by counsel, which stipulation sets forth the facts considered by counsel necessary for a decision of the case. From this stipulation it appears that the property conveyed by the mortgage is certain land therein described, and ''also all appurtenances and hereditaments thereto belonging, and all corporate and other franchises, ordinances, permits, licenses, rights, assessments, rights of way, leases, and leasehold interests, grants, privileges, and immunities belonging to or which may be hereafter owned by the mortgagor. Also all other property of the mortgagor whatsoever, real, personal or mixed, whether now owned or hereafter acquired (it being the intention to include the entire existing and future gas business of the mortgagor, and all its existing and future property and its existing and future rights to transact and conduct such business and every part thereof).''

It also appears from this stipulation that the description in the bill of complaint of the property which the appellee seeks to have sold under the mortgage is the same as the description thereof in the mortgage. It does not appear from this stipulation what franchises, ordinances, permits, licenses, rights, assessments, rights of way, leases, and leasehold interests, grants, privileges, and immunities, etc., the gas company owns or the appellee desires to have sold; ''the question presented to the chancellor below,'' according to the stipulation, ''and

to the court here, being whether or not the language quoted from the deed of trust conveyed the corporate franchise or future earnings of the corporations."

The statute invoked by the appellants is section 904, Code of 1906 (Hemingway's Code, para. 4076), which provides:

"A mortgage or deed of trust conveying the franchise or income or future earnings of any corporation, no matter when or how such corporation was created, shall not be valid against debts contracted in carrying on the business of the corporation."

"Properly speaking the corporate franchise is the primary franchise, that is, the right and privilege, granted by the state, of being a corporation, and of doing such things, and such things only, as are authorized by the charter." 14 C. J. 160; Adams v. Yazoo & M. V. R. Co., 240 So. 200, 317, 28 So. 956, 77 Miss. 253, 60 L. R. A. 33.

Any doubt as to the meaning of this term in the stipulation of counsel is removed by their briefs wherein this definition is given thereto.

The contentions of counsel for the appellants are that the mortgage conveys (1) the corporate franchise or right to exist as a corporation; and (2) the future earnings of the Greenville Gas Company, and consequently violates the statute hereinbefore referred to, and is therefore void in toto.

Counsel for the appellee deny that the mortgage violates the statute in any particular, but claim that if it does it is void as to the appellants in so far only as it attempts to convey property in violation of the statute.

We will assume for the purpose of the argument that the words "corporate and other franchises" in the deed of trust includes the primary franchise or right to exist as a corporation. The statute here invoked does not confer power on a corporation to convey property, but

restricts its power so to do as against the claims of certain of its creditors, from which it would seem to follow that the word "franchise" therein refers to a franchise which a corporation has the power to convey, and which can be subjected to the payment of the debts of the corporation.

The first question then for decision is the meaning of the word "franchise" in the statute.

"A franchise is a special privilege conferred by governmental authority and which does not belong to citizens of the country generally as a matter of common right. . . . Its meaning depends more or less upon the connection in which the word is employed and 'the property and corporation to which it is applied. It may have different significations.'

"For practical purposes, franchises, so far as relating to corporations, are divisible into (1) corporate or general franchises; and (2) special or secondary franchises. The former is the franchise to exist as a corporation, while the latter are certain rights and privileges conferred upon existing corporations, such as the right to use the streets of a municipality to lay pipes or tracks, erect poles or string wires." 2 Fletcher's Cyclopedia Corp., para. 1148; 14 C. J., p. 160; Adams v. Yazoo & M. V. R. Co., 24 So. 200, 317, 28 So. 956, 77 Miss. 253, 60 L. R. A. 33 et seq.

The primary franchise of a corporation, that is, the right to exist as such, is vested "in the individuals who compose the corporation and not in the corporation itself" (14 C. J., pp. 160, 161; Adams v. Railroad, supra; 2 Fletcher's Cyclopedia Corp., paras. 1153, 1158; 3 Thompson on Corporations (2 Ed.), paras. 2863, 2864), and can not be conveyed in the absence of legislative authority so to do (14a C. J. 543, 557; 1 Fletcher's Cyc. Corp., para. 1224; Memphis & L. R. R. Co. v. Berry, 5 S. Ct. 299, 112 U. S. 609, 28 L. Ed. 837; Vicksburg Waterworks Co. v. Vicksburg, 26 S. Ct. 660, 202 U. S. 453, 50

L. Ed. 1102, 6 Ann. Cas. 253; Arthur v. Commercial & Railroad Bank, 9 Smedes & M. 394, 48 Am. Dec. 719), but the special or secondary franchises of a corporation are vested in the corporation and may ordinarily be conveyed or mortgaged under a general power granted to a corporation to dispose of its property (Adams v. Railroad, supra; 14a C. J. 542, 557; 3 Thompson on Corp. (2 Ed.), para. 2909), except such special or secondary franchises as are charged with a public use (2 Fletcher's Cyc. Corp., para. 1225; 14a C. J. 544; 3 Thompson on Corp. (2 Ed.), para. 2908; Arthur v. Commercial & R. R. Bank, supra; McAllister v. Plant, 54 Miss. 106).

The liability of the franchise of a corporation to seizure and sale under an execution issued on a judgment against the corporation is controlled by section 910, Code of 1906 (Hemingway's Code, para. 4082), which provides that—

When any "judgment shall be rendered against any corporation, . . . its franchise shall be liable to be seized and sold in satisfaction thereof; . . . and the purchaser may recover any penalties imposed for injuries to the franchise, and shall also discharge all the duties imposed by the charter on the corporate body."

The original of this statute is article 10, chapter 35, Revised Code 1857 (section 2414, Rev. Code 1871), in which the provision is that—

"The franchise of any corporation which may receive freight, toll or charges shall . . . be liable to be sold, in satisfaction of judgments against it."

This section was brought forward without change in the Code of 1871 as section 2414 thereof, and in the Revised Code of 1880 as section 1038 thereof, and the change therein to its present form was made when it was brought forward into the Annotated Code of 1892 as section 845 thereof. The franchise here meant cannot be the corporate or primary franchise, but necessarily is the special or secondary franchise, for the statute ex-

pressly provides that the purchaser may recover any penalties imposed for injuries to the franchise, and it is hard to conceive of any injury being inflicted on the corporate franchise—that is, on the right to exist as a corporation. Moreover, if the word "franchise" here refers to the corporate or primary franchise, then the statute does not subject the special or secondary franchises of a corporation to seizure and sale under an execution on a judgment against the corporation; and without legislative permission so to do such franchises cannot be so seized and sold. Arthur v. Commercial & Railroad Bank, 9 Smedes & M. 394, 48 Am. Dec. 719; 14a C. J. 863; 5 Fletcher's Cyc. Corp., para. 3134.

Section 4065, Code of 1906 (Hemingway's Code, para. 6694), assumes that the corporate or primary franchise of a corporation cannot be sold under an execution on a judgment against the corporation and, together with the section immediately following it, vests in the purchasers of a railroad sold under execution all of the powers relative thereto that were possessed by the corporation against whom the execution was issued, and confers on them the right to organize a new corporation under the provisions of the chapter on railroads for the purpose of operating the railroad purchased. These two sections would be wholly unnecessary if section 910, Code of 1906 (Hemingway's Code, para. 4082) provides for the sale of the primary franchise of a corporation.

As the corporate or primary franchise of a corporation cannot be conveyed by, or be subjected by execution to the payment of the debts of, a corporation, but the special or secondary franchises can be both conveyed by a corporation and subjected by execution to the payment of its debts, it necessarily follows that the franchise meant in section 904, Code of 1906 (Hemingway's Code, para. 4076), is a special or secondary franchise.

It follows from the foregoing views that if the mortgage here in question attempts to convey the corporate

franchise of the Greenville Gas Company it is ineffective to that extent because of the want of power in the Greenville Gas Company to convey such franchise, but that section 904, Code of 1906 (Hemingway's Code, para. 4076), is not violated thereby.

The case of Magruder v. Hattiesburg Trust & Banking Co., 67 So. 485, 108 Miss. 857, is not in conflict herewith. The statute was not construed in that case, and the ground of that decision is that the mortgage there under consideration did not attempt to convey any franchise of the corporation by which it was executed.

This brings us to the appellants' contention that the mortgage conveys the income or future earnings of the Greenville Gas Company.

"'Whatever difficulty there may be about a precise and scientific definition of 'income,' it imports something entirely distinct from the principal or the source of its derivation; and it is used in common parlance, and in law in contradistinction to 'capital,' . . . and 'property.' Viewed from the source of its derivation, the word 'income' may be defined to be that gain or profit which accrues, is derived, is gained, or proceeds from business, capital, commerce, investments of capital, labor, lands, occupations, professions, property of any kind, or the like." 31 C. J. 397, 398; Hattiesburg Grocery Co. v. Robertson, 88 So. 4, 126 Miss. 34, 25 A. L. R. 748.

Tested by this definition it is clear that the income or future earnings of the gas company is not expressly conveyed by the mortgage, and if conveyed thereby it must be because it conveys (1) the property of the corporation from which its income must be derived; or (2) property to be afterwards acquired by the corporation. There can be no merit in the first of these propositions, for if there were no mortgage executed by a corporation which conveys property from which the corporation could derive income would be valid.

That a conveyance by a corporation of property

from which income can be derived is not a conveyance of income within the meaning of section 904, Code of 1906 (Hemingway's Code, para. 4076), is clear from an examination of the original thereof—section 1033, Revised Code of 1880, which provides that:

"No mortgage or deed of trust conveying the income or future earnings of any corporation or the rolling stock of any railroad company, shall be valid against debts contracted in carrying on the business of the corporation."

The provision therein as to the rolling stock of a railroad company was wholly unnecessary if a mortgage on property from which income could be derived is a mortgage of income within the meaning of the statute. When section 1033, Revised Code of 1880, was brought forward in the Annotated Code of 1892, it was divided into two sections, sections 839 and 3567. Section 839 of the Code of 1892 was brought forward in the Code of 1906 as section 904, and section 3567 as section 4067, and the provision with reference to the rolling stock of a railroad company was retained in the latter section. After-acquired property may, of course, include income, but no question relative thereto is here presented, for the reason that it does not appear from this record that any of the property now owned by the Greenville Gas Company and which is sought to be subjected to the mortgage was obtained as or represents any part of that company's income.

Affirmed and remanded.