FIRST UNION TRUST & SAV. BANK *et al. v.* MISSISSIPPI POWER CO. *et al.*

(Division B. Oct. 16, 1933.)

[150 So. 381. No. 30726.]

O. J. Dedeaux, of Gulfport, for appellants.

**Eaton & Eaton,** of Gulfport, for appellees.

Mize, Thompson & Mize, of Gulfport, for appellees.

Argued orally by **O. J. Dedeaux**, for appellant, and by **R. W. Thompson** and **B. E. Eaton, Jr.**, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellant First Union Trust & Savings Bank, as trustee for the bondholders of the Edgewater Gulf Hotel Com-

pany, a corporation, filed the bill in this case against said hotel company and all other necessary parties in interest to foreclose a mortgage on the hotel property given to secure the bonds. In the foreclosure proceedings the Mississippi Power Company and the Southern Bell Telephone Company filed petitions of intervention claiming debts against the hotel company contracted in carrying on the business of the company; such claims being based on section 4155, Code 1930. The power company's claim was for three thousand five hundred thirty-nine dollars and forty cents, and the telephone company's claim was for six hundred thirty dollars and eighty-one cents. There was a foreclosure of the mortgage and an allowance of these intervention claims out of the proceeds of foreclosure. From that decree appellants prosecute this appeal.

The mortgage indebtedness of the hotel company was one million dollars, represented by six and one-half per cent gold bonds secured by a mortgage on all the hotel property. There was a decree of foreclosure and a sale thereunder by a commissioner appointed by the court, at which sale the property brought eighty-eight thousand five hundred dollars. The decree provided that five thousand dollars of this amount be retained by the commissioner to satisfy the claims of the power company and the telephone company, provided they were established and allowed. Later the court rendered a decree, as above stated, allowing these claims out of the retained five thousand dollars.

Section 4155, Code 1930, is in this language: "A mortgage or deed of trust conveying the franchise or income or future earnings of any corporation, no matter when or how much corporation was created, shall not be valid against debts contracted in carrying on the business of the corporation."

In the mortgage the property was described by mets and bounds, followed by this language:

"Together with any and all reversions, remainders,

income, rents, issues and profits thereof and any and all buildings, improvements and appurtenances now standing or at any time hereafter constructed or placed upon the above described premises, or any part thereof, including but without limiting the generality of the foregoing, all furnaces, boilers, installed vacuum cleaners, heating, plumbing and ventilating apparatus, gas and electric fixtures, elevators and fittings, equipment, machinery, electrical apparatus and all garage equipment and other appliances, apparatus, fixtures, fittings and partitions of every kind usually installed in or upon such buildings or that shall be placed in or upon any buildings now or hereafter standing upon the said above described premises, all of which are declared to be real estate for the purposes of this mortgage and also all property of whatever kind now owned or hereafter acquired by the company, with the rents, issues and profits thereof and together with all and singular the tenements, hereditaments, easements, appendages and appurtenances to said property belonging or in anywise appertaining. And also all the estate, right, title and interest and demand whatever of said company either in law or in equity, either in possession or expectancy, of, in and to the above described property and estate.

" 'To have and to hold all and singular the above mentioned property, real, personal and mixed, rights, franchises and privileges, with the appurtenances, and all incomes, rents, issues and profits thereof, and all property which shall at any time be or become subject to this mortgage (the same being hereinafter termed, collectively, the "mortgaged property") unto and to the use of said trustees and their successors in trust forever.' "

It will be observed that neither the word "franchise" nor "franchises" is mentioned in the conveying paragraph of the mortgage. In the habendum clause, however, this language is used: "To have and to hold all and singular the above mentioned property, real, personal and mixed, rights, franchises and privileges, etc."

We will consider first whether the franchise of the hotel company was conveyed by the mortgage. The term "corporate franchise" ordinarily refers to the primary franchise of a corporation; that is, the right and privilege granted by the state of being a corporation and doing such things as are authorized by the charter. Franchises of a corporation are devisible into, first, the corporation or general franchises; second, special or secordinary franchises. The former is the right to exist as a corporation, while the latter are certain rights and privileges conferred upon existing corporations. The primary franchise is vested in the individuals who compose the corporation, which the special or secondary franchises of a corporation are vested in the corporation itself. The primary franchise of a corporation cannot be conveyed or mortgaged in the absence of legislative authority so to do, but special or secondary franchises, other than such as are charged with a public use, may ordinarily be conveyed or mortgaged under a general power granted to a corporation to dispose of its property. The primary franchise of a corporation cannot be sold under execution issued on a judgment against it, but its special or secondary franchises may be. Section 904, Code 1906, of which section 4155, Code 1930, is a rescript, has no reference to the primary franchise of a corporation, but to special or secondary franchises. Gulf Refining Co. v. Cleveland Trust Co., 108 So. 158, 166 Miss. 759.

In Magruder v. Hattiesburg Trust & Banking Co., 108 Miss. 857, 67 So. 485, the court held that a mortgage conveying "all of the following real estate, plants, factories, grounds, charters, machinery rights, privileges, *franchises*, and other property" (italics ours) did not violate section 904, Code 1906, of which section 4155, Code 1930, is a rescript. The court put its decision upon the ground that the franchises attempted to be conveyed were not sufficiently described.

These two decisions mean that if the mortgage in the present case attempted to convey the primary franchise of the hotel company it failed to do so, because under the law the hotel company was powerless to convey it. It did not belong to the company, but to the individuals who composed the corporation; and if the purpose was to convey any of the company's special or secondary franchises it failed to do so because they were not sufficiently described; the general term "franchise" or "franchises" not being specific enough.

The mortgage did, however, attempt to convey the future earnings and income of the hotel company, and in doing so violated the statute, but the evidence showed, without dispute, that at the time of the foreclosure sale there was no income or earnings on hand; therefore, none were sold. The hotel had been closed and out of business for some time; all earnings had been exhausted before the foreclosure. The chancellor held, as against the claims of the power company and the telephone company, that the mortgage was void not only as to future earnings and income of the corporation, but also as to the other property conveyed by the mortgage. In other words, that a violation of the statute resulted in subjecting *all* the property conveyed by the mortgage to their claims. We are of the opinion that the statute does not bear such a construction.

Section 6099, Code 1930, provides that a mortgage or a deed of trust conveying the income, or future earnings, or rolling stock of a railroad company, shall not be valid against liability incurred by the company as a carrier of freight or passengers, or for damages sustained by persons or property.

It was held in Gulf, M. & N. R. Co. v. Hill Manufacturing Company, 127 Miss. 644, 90 So. 358, construing section 4067, Code 1906, of which section 6099, Code 1930, is a rescript, that the statute did not impress a lien or a trust upon such property of the railroad company; that the right of a person claiming under the statute to resort

to the property did not attach until he had secured a lien by judgment or contract. By like reasoning the same principle governs the claims of the power company and the telephone company in this case. A violation of the statute gave them no lien or preference against either the earnings of the corporation or against the other property conveyed in the mortgage. The purpose of the statute was that the secondary franchises and income and future earnings of a corporation should always stand unincumbered so far as debts contracted in carrying on the business of the company were concerned. The statute does not render a mortgage by the corporation void as to property that it could legally mortgage, but only void in so far as its secondary franchises and income and future earnings are concerned. The mortgage is separable; it is void in part and valid in part.

By analogy the principle declared in Carradine v. Wilson, 61 Miss. 573, and North American Trust Co. v. Lanier, 78 Miss. 418, 28 So. 804, 84 Am. St. Rep. 635, governs. In the case first mentioned Carradine traded with Dunn & Co., general merchants, and became indebted to them in the sum of eight hundred twenty-one dollars, three hundred dollars of this amount was for intoxicating liquors sold in violation of law. To secure the entire indebtedness Carradine and his wife executed two promissory notes of four hundred ten dollars each, and to secure the same gave a deed of trust on lands owned by the wife. Carradine filed a bill seeking to enjoin foreclosure of the deed of trust on the ground that the indebtedness was in part illegal. The court held: "Each of the notes executed by the appellants was for a sum greater than the amount due for liquors. The holder could therefore apply all the unlawful consideration to one of them and recover on the other." In the other case, Lanier gave a mortgage on several pieces of property, among which was his homestead. To the deed of trust he forged his wife's name. The court held the

mortgage was good on all the land which was not included in the homestead.

The invalid part of the mortgage is simply ignored, it amounts to nothing; but the valid part stands as against all unsecured creditors of every kind and character; and the mortgage is good on the franchise and future earnings and income as to all such creditors, except those whose claims were contracted in carrying on the business of the corporation.

Reversed, and judgment here for appellants.